STATE EX REL. FULTON *v.* SCHANNEN

[No. 28,159.   Filed January 30, 1946.]

*James E. Fulton,* pro se.

*Wm. H. Schannen,* pro se.

RICHMAN, J.—Relator Fulton seeks release from the State Prison. In a verified petition asking us to compel respondent to hear a petition for a writ of error *coram nobis,* it is alleged that respondent wrote the warden that his court "would not recognize a Petition filed out of the Prison, by any inmate." This seemed to require an answer, which has been filed. It appears therefrom that on a plea of guilty to arson in the second degree Fulton was sentenced June 4, 1945, and three months later sent to respondent the *coram nobis* petition which was noted filed. Respondent sent the petition to the Attorney General requesting that he submit it to the Public Defender. Afterwards "respondent wrote to the warden of the Indiana State Prison, suggesting to him that inasmuch as the legislature of the State of Indiana had passed an act creating the office of public defender, any future petitions for writs of error *coram nobis* should be filed by said public defender."

In his answer respondent also asks us "to notify said public defender to appear in this cause and represent the interests of the petitioner," saying that the "court will hear said petition at any time it is presented to him."

The filing of his petition pro se indicates that Fulton does not care to avail himself of the services of the

Public Defender. If he has a meritorious claim he ought to welcome such representation but it cannot be forced upon him. The defender may, with the consent of the court, appear as *amicus curiae*, even over relator's objection, so it is not improper to give him notice. But if respondent desires that such notice be given, it should be mailed directly to the Public Defender, not relayed through this court nor through the Attorney General, whose office has no connection with that of the Public Defender. While this court under the 1945 Act creating the office, § 13-1401, Burns' 1942 Replacement (Supp.), must appoint the Public Defender and under § 13-1404, approve expenditures in connection with his office, we are not required to direct the discharge of the duties of his office, in which necessarily he must exercise his own discretion. The purpose of the statute is to provide legal aid at public expense for those who voluntarily seek and otherwise could not obtain the advice and assistance of a competent attorney. We shall not, nor do we think any other court should, order him to represent a convict who declines to avail himself of such representation and chooses to be his own lawyer.

In making such a choice the convict must accept the handicaps in presentation of his claim that result from his incarceration. This court does not intend to open the prison doors to enable him, or any other indigent convict, to conduct in person *coram nobis* proceedings on claims which he is not willing to submit to a skilled attorney paid by the State whose sole duty is to represent him

". . . in any matter in which such person may assert he is unlawfully or illegally imprisoned. . . ." § 13-1402, Burns' 1942 Replacement (Supp.).

With such representation the convict gains, not only the benefit of competent counsel, but also, at state expense, when the Public Defender deems advisable, transcripts necessary for appeal. Without such representation he limits his evidence in the hearing to such affidavits as he may obtain from his place of imprisonment and he may be present at the hearing only upon order made in the sound discretion of the judge. *State ex rel. Vonderschmidt v. Gerdink, Judge, ante,* p. 42.

The answer of respondent indicates that he has had a misconception of the effect of the 1945 Act and, only because thereof, has failed to dispose of relator's petition. There seems to be no occasion, now that this misconception has been removed, to require him to do more than proceed promptly with the disposition of relator's petition.

It is so ordered.

Note.—Reported in 64 N. E. (2d) 798.