STATE EX REL. CASEY *v.* MURRAY, JUDGE.

[No. O-275. Filed July 2, 1952.]

*Grant F. Casey, pro se.*

EMMERT, J.—The petition here is fatally defective for failure to comply with Rule 2-35 by setting out in the petition or making exhibits thereto "certified copies of all pleadings, orders and entries pertaining to the subject matter." *Lester* v. *Grant Circuit Court* (1948), 226 Ind. 186, 78 N. E. 2d 785.

But even if we were at liberty to consider his verified petition as evidence of the record in the trial court, he still is not entitled to have his petition granted. His admissions disclose that on the 9th day of February, 1946, a jury convicted him of burglary in the first degree, for which he was sentenced for a period not less than 10 nor more than 20 years, and from such judgment he now seeks to prosecute a delayed appeal. In order to do this he seeks to mandate a trial court to furnish him counsel and a transcript at public expense to prosecute such delayed appeal.

In *State ex rel. Lake* v. *Bain, Judge* (1948), 225 Ind. 505, 76 N. E. 2d 679, and *State ex rel. Crawford* v. *Owen, Judge* (1948), 225 Ind. 601, 77 N. E. 2d 123, we held that since the state had created the office of Public Defender to represent pauper prisoners after the regular time for appeal had expired, the prisoner is not entitled to a transcript of the record or the services of other counsel at public expense, but his record at public expense must be obtained through the Public Defender as prescribed by statute. Sections 13-1402 and 13-1405, Burns' 1942 Replacement (1951 Supp.).

Section 9-3305, Burns' 1942 Replacement (1951 Supp.) does provide that this court may, "for good cause shown . . . permit appeals from a judgment of conviction after the original time for taking an appeal has elapsed." Independently of this statute, this court has held that for causes having no connection with the actual trial, and which had not been brought about by the fault of the litigant, a delayed motion for a new trial may be filed, and an appeal granted after the regular time for appeal has expired. *State ex rel. Walker* v. *Youngblood* (1947), 225 Ind. 375, 75 N. E. 2d 551; *Walker* v. *State* (1948), 226 Ind. 552, 82 N. E. 2d 245; *State ex rel. McManamon* v. *Hancock C. Ct.* (1950), 228 Ind. 90, 89 N. E. 2d 545; *Payton* v. *State* (1950), 228 Ind. 577, 94 N. E. 2d 592; *Joseph* v. *State* (1951), 229 Ind. 496, 99 N. E. 2d 244; *Cook* v. *State* (1951), 231 Ind. 695, 97 N. E. 2d 625. Neither §9-3305, Burns' 1942 Replacement (1951 Supp.) nor the cases holding that a delayed appeal may be had independent of the statute, grant the right of appeal under the same terms as provided by §9-2301, Burns' 1942 Replacement, where the right is granted

in the first instance. There must be cause shown to excuse the delay, and there must be a prima facie showing made of merit to the appeal. If a different rule prevailed every prisoner could prosecute a delayed appeal without cause or merit.

The Public Defender is not required to represent any prisoner whose assertion that he is unlawfully imprisoned, after due investigation, appears in his sound judgment to have no merit. *In re Kretchmer* (1946), 224 Ind. 559, 69 N. E. 2d 598; *State ex rel. Fulton* v. *Schannen* (1946), 224 Ind. 55, 58, 64 N. E. 2d 798; *Sweet* v. *State* (1948), 226 Ind. 566, 81 N. E. 2d 679.

The court has previously extended time for a delayed appeal for this relator. In order that the relator be not precluded from presenting any matter with merit, he is granted an additional one hundred eighty (180) days in which to prosecute his delayed appeal to this court. See *Blanton* v. *State* (1951), 229 Ind. 701, 98 N. E. 2d 186.

The petition for the alternative writ is denied.

NOTE.—Reported in 106 N. E. 2d 911.