ADAMS *v*. STATE OF INDIANA.

[No. 0-380. Filed October 11, 1954.]

*Frank Adams, pro se.*

BOBBITT, J.—Petitioner herein has filed what he designates as: "Verified Motion for Appeal of Original Action—Cause No. 5095, Johnson Co. Circuit Court—Procedure Had, Error Coram Nobis" together with a "Motion for Assistance" in which he requests this court to order the Public Defender to prepare and furnish a transcript of the record in said Cause No. 5095 in the Johnson Circuit Court.

We first consider the petition for appeal. The petition does not contain an assignment of error, nor is it accompanied by a transcript of so much of the record as is necessary to present questions which petitioner has attempted to raise. It wholly fails to comply with the provisions of Rule

2-40 of this court providing for an appeal from a judgment denying a petition for writ of error *coram nobis,* and for failure to comply with this rule the petition is dismissed.

We now consider petitioner's motion to require the Public Defender to furnish him with the transcript of the record in the proceedings in the Johnson Circuit Court. An examination into the history of defendant's petition for writ of error *coram nobis* in the Johnson Circuit Court reveals that petitioner first contacted the Public Defender in May of 1951 and that following petitioner's request the Deputy Public Defender made a thorough investigation of the records in the Johnson Circuit Court and in the office of the Prosecuting Attorney of Johnson County, and that on May 26, 1951 petitioner was advised that the record showed that he was fully advised by the court and the Prosecuting Attorney as to his constitutional rights to trial by jury, competent counsel, and compulsory process of witnesses; that petitioner plead guilty to the lesser crime of robbery when he might have been tried and convicted for the crime of kidnapping or armed robbery, or both; and further that according to the record petitioner was "accorded extra-ordinary protection by the court and the prosecuting attorney concerning your [his] constitutional rights and that you [he] knowingly, freely and understandingly waived the same."

Our investigation further discloses that, the above report of the Deputy Public Defender notwithstanding, the petitioner subsequently filed a petition for writ of error *coram nobis* in the Johnson Circuit Court, and on April 10, 1954 this petition was denied.

The Public Defender is not required to represent prisoners who do not have some merit to their com-

plaint or cause of action which they desire him to prosecute. *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 77, 106 N. E. 2d 911.

We are convinced, from our examination of the available records in the case, that the Public Defender was justified in his refusal to represent petitioner in prosecuting an appeal from the denial of his petition for writ of error *coram nobis*.

Petitioner's motion to require the Public Defender to so represent him is, therefore, denied.

Flanagan, C. J., Draper, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 121 N. E. 2d 877.