WILLOUGHBY *v.* STATE OF INDIANA

[No. 0-599. Filed June 14, 1960. Rehearing denied October 24, 1961.]

*John Willoughby, pro se.*

PER CURIAM.—This is an original action brought by petitioner to compel the Delaware Circuit Court to supply appellant with a complete certified transcript of the trial proceedings so that he may perfect an appeal. Petitioner also asks that the Public Defender be not permitted to intervene in the case without his expressed consent.

A similar situation arose in *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 76, 106 N. E. 2d 911, in which the court denied the appellant's writ by stating:

> ". . . that since the state had created the office of Public Defender to represent pauper prisoners after the regular time for appeal had expired, prisoner is not entitled to a transcript of the record or the services of other counsel at public expense, but his record at public expense must be obtained through the Public Defender as pre-

scribed by statute. Sections 13-1402 and 13-1405, Burns' 1942 Repl. (1951 Supp.)"
Petition denied.

## ON PETITION FOR REHEARING

ACHOR, J.—Petitioner was convicted of murder in the second degree in the Delaware Circuit Court and sentenced to life imprisonment.

This matter is before us on petition for rehearing in an original action, filed after the statutory time for appeal, in which petitioner has asked this court for a writ of mandate to compel the Delaware Circuit Court to supply petitioner with a transcript of the trial proceedings. This court heretofore denied the petition for such writ. The reason given for such denial was that since the time for appeal had expired the record at public expense must be obtained through the public defender as prescribed by statute. The statute relied upon provides:

"The public defender may order on behalf of any prisoner he represents a transcript of any court proceeding, . . . at the expense of the state, . . ." Acts 1945, ch. 38, §5, p. 81 [§13-1405, Burns' 1956 Repl.]

Nevertheless, we noted that the petitioner expressly restricted and prohibited the public defender from in any way intervening in the proceedings without his express consent. See: *Willoughby* v. *State* (1960), 242 Ind. 183, 167 N. E. 2d 881, 882.

As cause for rehearing, petitioner asserts that this court did not, in its original opinion, give consideration to the following facts, which are set out in his petition for rehearing.

1. That petitioner was denied his constitutional right to adequate representation by pauper counsel in the trial court.

2. That during the time when petitioner might have filed a timely appeal, petitioner was not provided with the transcript of the record and bill of exceptions, although he requested the same from both the public defender of the state of Indiana and the pauper counsel of Delaware County.

3. That notwithstanding the above stated circumstances, the public defender refused to represent the petitioner or to order a copy of the proceedings for him after the time had expired for a timely appeal; that the public defender explained his refusal to provide a transcript of the proceedings on the ground that his office had "no money to purchase transcripts."

Petitioner, in support of his allegation that he was not represented in the trial court by adequate counsel, states first, that said court-appointed trial counsel failed to use all the witnesses and present all the evidence available in support of his defense of "self defense," and, secondly, that said counsel failed to file a motion for new trial and to prosecute a timely appeal although said pauper counsel had agreed prior to the trial to file a motion for new trial and to prosecute an appeal in event of an adverse finding and conviction.

Although the original petition herein leaves much to be desired as to its form, and although many of the grounds for appeal are asserted for the first time in the petition for rehearing, nevertheless because of the gravity of the penalty imposed and the serious constitutional questions presented by the petition

for rehearing and the possibility under the allegations made that petitioner may have made a good faith effort to obtain both a timely and a belated appeal, this court has issued an order to the public defender of the state of Indiana to show cause why he should not prosecute a delayed appeal for and on behalf of the petitioner, at public expense.

Pursuant to the above order, the public defender has filed his report with the clerk of this court, in which report he states, among other things, that he interrogated persons in the vicinity of the fatal shooting, examined the records of the court and held a personal interview with the petitioner. He states that the petitioner admits he intentionally shot the deceased, from which wounds he died; that earlier on the same day petitioner and decedent had an altercation, as a result of which petitioner was left unconscious. Thereafter petitioner borrowed the shotgun with which he killed the decedent, stating that he was going to kill him. On that evening he did, in fact, shoot and kill said decedent. The public defender reports that the shooting occurred away from the petitioner's home during a subsequent encounter. Petitioner was a person without regular employment, was an alcoholic commonly known as a "wino." The altercations were with regard to a woman with whom petitioner had been living. She had asked petitioner to leave her home in contemplation that decedent would thereafter move in.

Petitioner testified in the trial court, and here asserts, that the shooting was in self defense; that it occurred when the decedent was attacking him with a stick of wood. However, there are no known witnesses to the shooting other than the petitioner and the alleged stick of wood was never found. Neither

petitioner nor persons living in the vicinity were able to give the public defender the names or identification of any additional witnesses or give him any other information which might have been used in his defense.

On the basis of the above stated facts, the public defender in his report concluded that the evidence was sufficient, under the well established law of this state, to prove the fact of a malicious killing and that petitioner had not, to the satisfaction of the jury, sustained the burden of proving self-defense. In support of this conclusion the public defender quoted the law upon these issues, as stated in the case of *Landreth* v. *State* (1929), 201 Ind. 691, 697, 171 N. E. 192, as follows:

> "Malice may be inferred from the use of a deadly weapon, which use caused the death charged in the indictment. [Citing cases.]
>
> "The defendant in a trial under a charge for murder may introduce evidence to rebut the inference of malice, and such evidence may be in proof of self-defense. But the defense of self-defense is an ultimate fact solely for the determination of the jury from the evidence."[1]

In his own words the public defender concluded: "It is just a simple fact in this case that the jury did not believe the petitioner's defense that he killed Barton in self-defense, and as there was sufficient evidence to sustain the verdict, and the question of self-defense was an ultimate fact solely for the determination of the jury, and because the Supreme

---

1. In the case of *Bange* v. *State* (1958), 237 Ind. 422, 426, 146 N. E. 2d 811, this court held that, "Whether or not appellant shot and killed the deceased in self-defense was an ultimate fact . . . for the determination of the jury from the evidence in the case."

Court will not weigh the evidence on appeal, appeal in petitioner's case, timely or otherwise, would have been and would now be purely frivolous and without merit."

We next consider the question as to whether petitioner should be granted a belated appeal because of inadequate representation in the trial court. For the reasons above stated there is no merit to petitioner's contention that he did not have competent representation at the trial because of the failure of counsel to produce all available evidence in petitioner's behalf. The *existence* of other available evidence, which would have been material to the case, does not appear.

We next consider the question as to whether petitioner was denied adequate representation because of the fact that trial counsel did not file a motion for new trial although, as petitioner asserts, before the trial, trial counsel agreed to file a motion for new trial and to prosecute an appeal in event of an adverse finding and conviction. Did failure of counsel to file a motion for new trial, under the circumstances of this case, indicate inadequacy of representation by such counsel?

There is no doubt that it is the duty of counsel who assumes the responsibility of the defense of a criminal case to properly reserve all errors committed in the trial of the case and, in event of an adverse decision, to present these errors to the trial court for review by motion for new trial. The responsibility is borne of necessity, first because of the fact that trial counsel is the person who is most familiar with the errors, if any, committed in the course of the trial and the manner in which such errors were re-

served and therefore best prepared to present such errors for review on motion for new trial; and secondly because of the fact that the 30-day period allowed for the filing of a motion for new trial[2] is frequently not sufficient to permit *other counsel* to procure a transcript of the evidence and therefrom inform himself regarding the record made in the case and the law applicable thereto, that he can thereafter prepare a motion for new trial with the same high standard of professional representation which is already possible on the part of trial counsel.

However, in this case the public defender of the State of Indiana has attached to his report the statement of the trial counsel to the effect that ▆ although he personally believed in his client's innocence, to-wit: that the shooting had occurred in the self-defense of his client, after the verdict was returned said counsel carefully reviewed the evidence and the record in the case for error-in-fact or in law which would justify the filing of a motion for new trial; that he discussed the matter with the trial judge on several occasions; that as a result of his study of the case he concluded that he could find no meritorious cause which he could assert as grounds for a new trial and that he would not file a motion for a new trial; that he was withdrawing from the case and so advised his client, the petitioner. The propriety of this conclusion of the trial counsel is further confirmed by the findings of the public de-

---

2. A trial court has no authority to extend the time for the filing of a motion for new trial after the expiration of time provided by statute. *Morton* v. *State* (1935), 209 Ind. 159, 198 N. E. 307. However, an exception to this rule is made and the filing of a delayed motion for new trial permitted "for causes having no connection with the actual trial, and which had not been brought about by the fault of the litigant, . . ." *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 76, 106 N. E. 2d 911.

fender as reported to this court. Trial counsel was under no duty to file a motion for new trial, not grounded upon some meritorious cause.[3] Therefore, petitioner's contention that he was not adequately represented by trial counsel is not sustained by the facts before us.

The question thus presented under the above stated circumstances is this: Under what circumstances, if any, is it the duty of the state of Indiana to provide the petitioner a transcript of the record and bill of exceptions at public expense? There are two statutes which make provision for the preparation of transcripts of the record and bill of exceptions to poor persons at public expense. They are §§4-3511, Burns' 1946 Repl. and 13-1405, Burns' 1956 Repl. The first is related to timely appeals, under which circumstance the expense incurred is paid by the county. That statute provides as follows:

> "Any poor person desiring to appeal to the Supreme Court . . . from the decision of any circuit court or criminal court, . . . in criminal cases, and not having sufficient means to procure the . . . transcript . . . the court . . . shall direct the shorthand reporter to transcribe . . . and deliver the same to such poor person: Provided, such poor person has not sufficient means to pay said reporter for making said longhand manuscript or transcript of evidence." §4-3511, *supra*.

---

3. Acts 1937, ch. 88, §1, p. 452 [§4-3608, Burns' 1946 Repl.] provides:

"It shall be the duty of an attorney:

. . .

"Fourth. To employ for the purpose of maintaining the causes confided to him, such means only as are consistent with truth, and never seek to mislead the court or jury by any artifice for false statement of fact or law."

The same declaration is contained in the "Oath of Attorneys," as provided by Rule 3-20 of this court.

This court has not, to our knowledge, heretofore been called upon to consider whether, under §4-3511, *supra*, it is the duty of the court to provide poor persons with a transcript of the record and bill of exceptions at public expense even though there is no showing of merit upon which to have an appeal and no motion for new trial had been filed and trial counsel has refused to file such a motion because he can ascribe no error with respect to the sufficiency of the evidence or other grounds which in law would warrant the granting of a new trial.

However, an analogous situation is presented with regard to the duty of the court to appoint counsel for poor persons during every state of the proceedings. In the case of *State, ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 578-579, 34 N. E. 2d 129, this court stated:

"[T]hat one accused of crime has the right to be provided with counsel literally 'at every stage of the proceedings,' including the proceedings by which he may seek a review for error by appeal.

"It is the duty of the trial court to appoint competent counsel to advise the defendant in the first instance. This does not mean, however, that counsel must violate ethical standards and his conscience by interposing defenses where there is no good-faith basis for such action. The constitutional requirement is satisfied when the defendant has had the benefit of the advice and guidance of a reputable and competent attorney. If at any stage of the proceedings the appointed counsel is unable to continue, it is the duty of the trial court to appoint other reputable and competent counsel so that the defendant shall have the benefit of counsel at all stages and until an appeal is perfected and determined, if an appeal is advised. *But if competent counsel finds no substantial error to assign upon appeal, and so advises*

> *the defendant and the trial court, the constitutional requirement is satisfied and the defendant may not demand that the trial court find and appoint other counsel who will advise an appeal."* [Our italics.]

If the defendant may not demand that the trial court find and appoint other counsel who will advise an appeal after competent counsel appointed for the purpose of appeal finds no substantial error to assign upon appeal, then it logically follows that the court is under no duty under the same circumstances to provide a transcript and bill of exceptions at public expense for the purpose of an appeal.

The other statute relating to the duty of the state to provide for poor persons with a transcript and bill of exceptions provides:

> "The public defender may order on behalf of any prisoner he represents a transcript of any court proceeding, . . . at the expense of the state, . . ." §13-1405, *supra.*

It is to be noted that under the above statute the public defender is under no obligation or authority to represent persons convicted of crimes when there is no merit to a belated motion for a new trial, a belated appeal or other post conviction remedy. *McCrary* v. *State* (1961), 241 Ind. 518, 173 N. E. 2d 300; *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 77, 106 N. E. 2d 911; *State ex rel. Fulton* v. *Schannen* (1946), 224 Ind. 55, 58, 64 N. E. 2d 798. Neither is he authorized to order a transcript at public expense for *prisoners whom he does not represent.*

In this case the public defender notified the petitioner that he could do nothing for him and he there-

after refused to obtain a transcript for the petitioner, stating that he had no funds for that purpose. *Under the facts here present* (in the absense of any merit for appeal) the public defender had no authority to expend public funds for a transcript. Therefore he was justified in his refusal. In fact, when we consider the petition of the relator in the light of the reports filed by trial counsel and the public defender, we do not find any probable cause for appeal.

We conclude therefore that the circumstances here present do not warrant an order from this court to either the Delaware Circuit Court or the public defender of Indiana that either provide the petitioner a transcript of the record for his personal use at public expense.

We recognize the fact that our statute [§ 9-2301, Burns' 1956 Repl.] provides that appeal may be had as a matter of right.[4] However we do not consider that this statute contemplates that the state is obliged to expend public funds for the purpose of an obviously frivolous and futile "appeal" where as here the petitioner has not presented any specific and prejudical error in the case and competent counsel can find no error upon which to base a petition or review, and finally, where as in this case opportunity has been afforded for a judicial review with respect to possible incompetency or abuse of discretion on the part of such counsel. Furthermore, for reasons hereinafter stated, under such circumstances the con-

---

4. "An appeal to the Supreme Court . . . may be taken by the defendant as a matter of right, from any judgment in a criminal action against him, in the manner and in the cases prescribed herein; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed." Acts 1905, ch. 169, §324, p. 584 [§9-2301, Burns' 1956 Repl.]

stitutional rights of the accused as a poor person are, under our law, protected in a measure equal to if not greater than that which is afforded to persons who are financially able to provide their own expenses of appeal.

However, in support of his position, petitioner cites and relies upon the case of *Grecco* v. *Allen Circuit Court et al.* (1958), 238 Ind. 571, 575-576, 153 N. E. 2d 914. However, the *Grecco* case is not controlling of the factual situation with which we are here confronted. In that case this court stated:

> "This court has held, however, that the duty of the trial court to furnish to an indigent a transcript of the evidence without charge for use on appeal as provided by statute is not unconditional but a showing must be made to the trial court not only that (1) the accused does not have sufficient means to procure a transcript, but also (2) that the merits of the questions to be raised on appeal cannot be considered without a transcript of the evidence, and (3) *that questions of error were presented to the trial court in his motion for new trial by which this court could review the merits of the cause on appeal.*" [Our italics.]

Upon the basis of the standard set forth in the *Grecco* case, *supra,* petitioner's position is untenable. In the *Grecco* case trial counsel filed a motion for new trial in which he with particularity asserted that reversible error had been committed in the trial of the case which was cause for new trial and appeal.

In the case at bar, although petitioner here made broad and serious accusations regarding the failure of trial counsel to present all available evidence in his behalf and the denial of his constitutional right to representation by adequate counsel in the trial court, his general allegations fail completely in the

light of information provided by such counsel and the public defender of the state of Indiana, which facts have been considered by this court on review. Here no probable cause of appeal is shown to exist.

We are keenly aware that equal protection must be given to all citizens by our courts in so far as this is possible. However, it is not contemplated that every convicted criminal without means be furnished at public expense with a transcript of his trial, as a personal memento to him of his latest escapage against society, nor is it contemplated that such a record be provided for the entertainment of the convicted criminal and his fellow inmates merely because the statute [§4-3511, *supra*] provides that he is entitled to such a record. The legislature, by this enactment, did not contemplate that the state should be required to expend public funds for appeals which are obviously frivolous and therefore futile. Neither is it reasonable to contend that this court should be required to give its time and consideration to the formality of such spurious appeals, which, under a different ruling, could be required in every pauper case. The expense of such a record can be justified only on the ground that it be made available for the purpose of an appeal from a conviction, in which there is some probable cause for reversal.

The above conclusion is consistent with the fundamental principles that: (1) there is no presumption of error in the trial court, *Campbell* v. *State* (1960), 241 Ind. 702, 169 N. E. 2d 604; and (2) public funds are not to be spent without some valid reason. See: *Hamilton* v. *Baker, Judge, etc.* (1955), 234 Ind. 283, 126 N. E. 2d 12. Upon this subject, Mr. Justice Frankfurter of the Supreme Court of the United States stated the controlling principles

of law in the case of *Griffin* v. *Illinois* (1955), 351 U. S. 12, 24, as follows:

"When a state not only gives leave for appellate correction of trial errors but must pay for the cost of its exercise by the indigent, it may protect itself so that frivolous appeals are not subsidized and public monies not needlessly spent. The growing experience of reforms in appellate procedure and sensible, economic modes for securing review still to be devised, may be drawn upon to the end that the State will neither bolt the door to equal justice nor support a wasteful abuse of the appellate process."

See also: *McCrary* v. *State, supra* [241 Ind. 518, 173 N. E. 2d 300]; *Brown* v. *State* (1961), 241 Ind. 298, 171 N. E. 2d 825; *State ex rel. Casey* v. *Murray, supra* [231 Ind. 74, 106 N. E. 2d 911]; *State ex rel. Pappas* v. *Baker, Judge* (1935), 209 Ind. 25, 197 N. E. 912, Indiana Law Journal Vol. 36, p. 237.

From common experience we know that a convicted defendant, who is financially able to do so, and therefore required by law to pay the costs of appeal, would not incur such costs against the advice of counsel who could find no error as cause for appeal unless, of course, such convicted defendant had personal knowledge of some specific error which he could *pro se* present to this court, contrary to the advice of counsel. By the same logic it is not reasonable to contend that equal protection under the law requires that the state must pay the cost of appeal for a poor person against the advice of counsel and in the absence of any showing of probable cause for appeal, merely because the convicted person is an indigent.

Under our law which affords every accused person the right of asserting every available defense by

competent counsel, with the opportunity (as in this case) of judicial review by this court over the action of such counsel, the state of Indiana has afforded to indigent defendants and non-indigent defendants alike, insofar as is reasonably possible, equal protection under the law in both the trial courts and on appeal.

For the reasons hereinabove stated the petition is denied.

Landis, C. J., and Arterburn, J., concur.

Bobbitt and Jackson, JJ., concur in the result.

NOTE.—Reported in 167 N. E. 2d 881. Rehearing denied 177 N. E. 2d 465.