### BROWN *v.* STATE OF INDIANA.

[No. 0-604. Filed February 2, 1961.]

George Robert Brown, pro se.

ACHOR, J.—Petitioner was convicted of murder in the perpetration of robbery and, in accordance with the verdict, was sentenced to death. Thereafter petitioner prosecuted a timely appeal to this court, as a result of which the judgment was affirmed and a petition for rehearing was denied. Brown v. State (1958), 239 Ind. 184, 154 N. E. 2d 720.

Thereafter petitioner filed a petition for writ of certiorari to the United States Supreme Court, which was denied. Later, petitioner petitioned for a writ of habeas corpus to the United States District Court for the Northern District of Indiana. The latter was dismissed for the reason that petitioner had not exhausted his state remedies by presenting the matters asserted in his petition to the courts of Indiana by way of writ of error coram nobis or other procedure available to him.

Thereafter, on or about the 10th day of May, 1960, petitioner filed his verified petition for writ of error coram nobis in the Lake Criminal Court, which petition was heard on its merits on June 1, 1960, on which date the court denied and overruled the same and entered judgment accordingly.

The petitioner now seeks a writ of mandate against the respondent judge of the Lake Criminal Court, commanding him to appoint counsel for petitioner and to

furnish petitioner with "complete certified copies of the records in a certain cause of record in the Lake Criminal Court and entitled: 'State of Indiana vs. George Robert Brown,' and identified therein as cause number 30120;" said record being the proceeding in error coram nobis, from which petitioner seeks an appeal.

In support of his petition for writ of mandate, petitioner asserts as follows:

1. That he is a pauper and has no money, means or property with which to prosecute his appeal and to pay for the records which he seeks.

2. That on or about the 15th day of June, 1960, petitioner received a letter from Hon. Robert S. Baker, Public Defender of the State of Indiana, which letter in part is as follows:

"After a careful review of your hearing had on June 1 on your Petition for Writ of Error Coram Nobis I am unable to find any error, or errors that would have any merit to assign upon an appeal; therefore, I am hereby informing you that my office will not appeal the judgment denying your Petition for Writ of Error Coram Nobis."

3. On or about June 29, 1960, petitioner filed with the Lake Criminal Court a "Motion to Appoint Counsel and Furnish Transcript of Record," asserting the above facts, which motion was denied on July 14, 1960.

In support of his petition, petitioner relies upon the cases of *Griffin* v. *Illinois* (1955), 351 U. S. 12, and *McCrary* v. *Indiana* (1960), 364 U. S. 277. However, we do not consider these cases controlling of the circumstances here present. We are not here confronted with a timely appeal to which petitioner is entitled as a matter of right. In this instance petitioner has had the

benefit of a timely appeal which has been adjudicated against him by this court. He now seeks by a belated and indirect action to nullify the judgment which has heretofore been affirmed by this court.

The State of Indiana has created the office of Public Defender and has provided that after the statutory time for appeal shall have expired, it is the duty of the public defender to appear for and in behalf of convicted persons who have cause for a belated appeal or proceedings in error coram nobis, and for this purpose the public defender may order on behalf of any prisoner he *represents*, a transcript of any court proceeding, including evidence presented, at the expense of the state. §13-1405, Burns' 1956 Repl.

Consistent with the purpose and of the law, the character, ability, responsibility and the broad authority of the office of Public Defender, this court has held:

> "The Public Defender is not required to represent any prisoner whose assertion that he is unlawfully imprisoned, after due investigation, appears in his sound judgment to have no merit. *In re Kretchmer* (1946), 224 Ind. 559, 69 N. E. 2d 598; *State ex rel. Fulton* v. *Schannen* (1946), 224 Ind. 55, 58, 64 N. E. 2d 798; *Sweet* v. *State* (1948), 226 Ind. 566, 81 N. E. 2d 679." *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74 77, 106 N. E. 2d 911, 912.

The public defender is not obliged, in cases within the scope of his authority, to make a travesty of his office, by preparing and performing all the formal requisites of an appeal, when such an appeal would be without meritorious grounds which he could in good conscience present to this court for consideration.

We therefore conclude that if, as it appears in this case, a belated proceeding in error coram nobis has

been had and adjudged against a convicted defendant, and the public defender, who is a former jurist and an eminently qualified trial lawyer, has made a careful review of the proceedings on behalf of such defendant, and has determined that he is "unable to find any error or errors that would have any merit to assign upon an appeal," and so advises the convicted defendant, the state has thereby afforded to the defendant every reasonable guarantee of due process, as contemplated by the Constitutions of the United States and of the State of Indiana.

Under the circumstances presented, the public defender was under no duty to request a transcript of the proceedings in error coram nobis and, in the absence of a request from said office, the trial court was under no duty to provide a certified copy of said proceedings at public expense.

The petition for writ of mandate is therefore denied.

Bobbitt, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 171 N. E. 2d 825.