**UNITED STATES of America ex rel. George Robert BROWN, Petitioner,**

v.

**Ward LANE, Warden, Indiana State Prison, Respondent.**

**Civ. No. 2904.**

United States District Court
N. D. Indiana,
South Bend Division.
July 26, 1961.

**GRANT, District Judge.**

This is a petition for a Writ of Habeas Corpus filed by petitioner on July 20, 1961. Petitioner is presently under sentence of death imposed by the Lake County, Indiana, Criminal Court upon a conviction for murder in the perpetration of robbery.

The issue in this petition is whether the State of Indiana denied petitioner "equal protection" as guaranteed by the 14th Amendment to the Constitution of the United States by its action in allowing the Public Defender sole discretion in determining whether or not he will represent this pauper-petitioner and furnish him with the required transcript in order that an appeal might be perfected from a denial of a Petition for Writ of Error Coram Nobis.

The facts relevant to a determination of this issue, briefly stated, are as follows:

On May 10, 1960, the petitioner filed in the Lake County, Indiana, Criminal Court a Verified Petition for Writ of Error Coram Nobis. A hearing was had on this petition on June 1, 1960, at which time the Trial Court denied the same. Thereafter the petitioner asked the Public Defender to represent him to perfect an appeal from this denial to the Indiana Supreme Court. The Public Defender declined to assist Petitioner and furnish him with a transcript.

The Petitioner then filed, in the Lake County Criminal Court, a Motion to appoint counsel and furnish transcript of record, but this Motion was denied.

Petitioner then filed a Verified Petition for a Writ of Mandate, asking the Indiana Supreme Court to direct the Lake County Criminal Court to appoint counsel and furnish a certified copy of the lower court's record and transcript of the Coram Nobis hearing in order that he could appeal to the Indiana Supreme Court from the order overruling and denying his Coram Nobis Petition.

The Supreme Court of Indiana, on February 2, 1961 denied this petition. Brown v. State, 1961, 171 N.E.2d 825.

On March 27, 1961, the petitioner filed a petition for Writ of Certiorari in the Supreme Court of the United States. This Writ was denied on June 12, 1961, 81 S.Ct. 1906.

Petitioner then filed the present Petition for Writ of Habeas Corpus in this Court.

The Indiana Public Defender Act, Burns' Indiana Statutes Annotated, § 13–1402, states that:

"(I)t shall be the duty of the public defender to represent any person in any penal institution of this state who is without sufficient property or funds to employ his own counsel, in any matter in which such person may assert he is unlawfully or illegally imprisoned, after his time for appeal shall have expired."

In State ex rel. Casey v. Murray, 1952, 231 Ind. 74, 106 N.E.2d 911, the Supreme Court of Indiana said that "since the state had created the office of Public Defender to represent pauper prisoners after the regular time for appeal had expired, the prisoner is not entitled to a transcript of the record or the services of other counsel at public

expense, but his record, at public expense, must be obtained through the Public Defender as prescribed by statute."

In interpreting the Indiana Public Defender Act, the Supreme Court of Indiana pointed out in the case of Jackson v. State, 1960, 169 N.E.2d 128, that this statute gives a defendant who desires an attorney to represent him in a post-conviction remedy and who is without funds to procure such an attorney, the right to proceed to obtain the services of the Public Defender. However, in State ex rel. Casey v. Murray, supra, 106 N.E.2d at page 912, the Supreme Court of Indiana held that "the Public Defender is not required to represent any prisoner whose assertion that he is unlawfully imprisoned, after due investigation, appears in his sound judgment to have no merit."

■ The effect of these decisions denies some indigent defendants appellate review from an order dismissing a petition for a Writ of Error Coram Nobis. A defendant who can afford to pay for a transcript can perfect an appeal, either pro se or through counsel, but an indigent defendant, in order to perfect an appeal, must first seek the aid of the Public Defender who has discretion to determine whether the case has merit before he decides to represent the defendant. If the Public Defender determines that the case has merit he can obtain the transcript; however, if he decides that the case is without merit, the defendant is unable to obtain a transcript. Therefore, an indigent defendant who is unable to convince the Public Defender that his case has merit is denied appellate review because the Supreme Court Rule 2–40 requires that a "transcript of so much of the record as is necessary to present all questions raised by appellant's propositions shall be filed with the Clerk of the Supreme Court * * *." Indiana Sup.Ct.1958 Edition Rule 2–40.

■ As applied to the facts of this case, the effect of the decisions produces a result that is in disharmony with the "equal protection" clause of the 14th Amendment. Petitioner attempted to secure the services of the Public Defender to represent him to perfect an appeal from the denial of his petition for Writ of Error Coram Nobis but the Public Defender declined to assist him. Petitioner thereupon asked the Lake County Criminal Court to appoint counsel and furnish a transcript of the record, but this was denied. The Supreme Court of Indiana also denied a Mandate to direct the Lake County Criminal Court to appoint counsel and furnish a transcript of the record. The petitioner is therefore foreclosed in the courts of Indiana to obtain effective appellate review because he is an indigent defendant who cannot obtain a transcript of the record at public expense and because he is an indigent defendant who cannot convince the Public Defender that his cause has merit.

Indiana has created the office of Public Defender and according to that statute (Burns' 13–1402) it is the duty of that officer to represent any person in a penal institution who is without funds to employ his own counsel and who is asserting that he is unlawfully or illegally imprisoned. However, since the Supreme Court of Indiana construes this statute to mean that the Public Defender need represent only those whom he, the Public Defender, believes have meritorious causes, indigent defendants, such as this petitioner, are not afforded the equal protection guaranteed by the 14th Amendment to the Constitution of the United States.

The decisions of the Indiana Supreme Court upon consideration of the Petition for Writ of Mandamus filed by this petitioner in Brown v. State, 1961, supra, and in the recent case of McCrary v. State, 1961, 173 N.E.2d 300, continue to support the decision in State ex rel. Casey v. Murray, supra, giving the Public Defender sole discretion in determining whether or not to perfect an appeal from an order dismissing a petition for Writ of Error Coram Nobis.

■ Appellate review for all desiring a review of a denial of a Petition for Writ of Error Coram Nobis, and the assistance of the office of the Public Defender for indigent petitioners desiring to perfect such a review, have become integral parts of the Indiana law, and consequently, at all stages of the proceedings the Equal Protection Clause protects persons like this petitioner from that "invidious discrimination" referred to by the Supreme Court of the United States in Griffin v. People of State of Illinois, (1956), 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891.

Speaking in that case the Court added, 351 U.S. at page 19, 76 S.Ct. at page 591, that "(D)estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." The Court also said, "a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all * * * But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty."

■ Indiana need not have provided the office of Public Defender to aid indigent petitioners, but having chosen so to do, Indiana cannot allow the Public Defender to pick and choose which indigents he will aid. This violates the Equal Protection Clause of the 14th Amendment to the Constitution of the United States in that it does not afford to all indigents the same right to legal aid. Griffin v. People of State of Illinois, supra, 351 U.S. at page 18, 76 S.Ct. at page 590; Smith v. Bennett, 1961, 365 U.S. 708, 713, 81 S.Ct. 895, 6 L.Ed.2d 39. That is, the discretion lodged in the Public Defender allows that officer to arbitrarily pre-judge the merits of a case of one indigent, and, upon finding the cause to be, in his opinion, without merit, decline to represent the indigent or furnish him with a transcript, while in another case, after finding the cause to be, in his opinion,

meritorious, proceed to assist the indigent in obtaining a transcript and perfecting an appeal.

In passing, it might be said that this procedure allows the Public Defender to sit as the Supreme Court of Indiana by substituting his decision on the merits of a cause for that of the full bench of five judges. It therefore effectively denies to some indigents a review by the full bench, which, although not required by the Constitution of the United States, is, in fact, provided by the State of Indiana to some, and must, consequently, be afforded to all persons equally. Griffin v. People of State of Illinois, supra.

In Eskridge v. Washington State Board of Prison Terms and Paroles, 1958, 357 U.S. 214, 78 S.Ct. 1061, 1062, 2 L.Ed.2d 1269, the Constitution of the State of Washington (Amend. 10) gave the accused in a criminal prosecution a right to appeal in all cases and a State law (Rem.Rev.Stat. § 42-5) authorized the furnishing of a transcript to an indigent defendant at public expense, if, in the opinion of the trial judge, "justice will thereby be promoted."

The trial judge in Eskridge, supra, would not issue a transcript because he found that justice would not be promoted. The Supreme Court said that the State of Washington denied defendant a Constitutional right guaranteed by the 14th Amendment and held, as it did in the Griffin case, that "(d)estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."

The Court went on to say that "(T)he conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right of full appellate review available to all defendants in Washington who can afford the expense of a transcript."

■ The Eskridge case is very similar to the case at bar. Indiana has provided an appellate review, but in the case of an indigent petitioner there must be an

initial determination by the Public Defender on the merits of the case, and those having merit, in the mind of the Public Defender, are afforded appellate review, while those not having merit, in the mind of the Public Defender are denied review by the full bench of the Supreme Court of Indiana. This determination by the Public Defender cannot be a substitute for full appellate review accorded those who can afford to pay for a transcript.

In Burns v. State of Ohio, 1959, 360 U.S. 252, 79 S.Ct. 1164, 1168, 3 L.Ed.2d 1209, the Supreme Court of the United States held that since a person who is not an indigent may have the Ohio Supreme Court consider his petition for leave to appeal a felony conviction, denial of the same right to an indigent petitioner solely because he was unable to pay a filing fee violated the 14th Amendment. The Court said that "(T)here is no rational basis for assuming that indigents' motions for leave to appeal will be less meritorious than those of other defendants" and went on to hold that "(T)he imposition by the State of financial barriers restricting * * * review for indigent defendants has no place in our heritage of 'Equal Justice Under Law'".

Again, comparing that decision of the United States Supreme Court with the facts in the case at bar, this Court believes that there is no rational basis for assuming that some indigent petitioners' appeals will be less meritorious than those of other defendants and therefore, subjection of such appeals to a determination of a Public Defender as to the merits of the cause as a condition precedent to the hearing of the case by the full bench of the Supreme Court of Indiana is a denial to an indigent petitioner of the Equal Protection of the Laws.

It Is the Opinion of This Court that the actions of the State of Indiana have denied petitioner equal protection of the laws in violation of the 14th Amendment of the Constitution of the United States,

and it is, therefore, the order of this Court that:

1: The petitioner shall be given a full, appellate review of his Coram Nobis denial in accordance with this opinion, within ninety (90) days from the date hereof, or within such additional period of time as this Court shall hereafter determine, and,

2: Pending the supplementation of this Order and the final determination of these Habeas Corpus proceedings, this petitioner is granted a stay of execution.