Archie A. WHITE, Petitioner-Appellant,
v.
Ward LANE, as Warden of Indiana
State Prison, Respondent-Appellee.
No. 14004.

United States Court of Appeals
Seventh Circuit.

July 17, 1963.

Rehearing Denied Aug. 16, 1963.

.. Porter R. Draper, Gary, Ind., for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Edwin K. Steers, Atty. Gen. of Indiana, Indianapolis, Ind., for respondent-appellee.

Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Archie A. White, petitioner, has appealed from an order of the district court entered June 15, 1962, which denied his petition for a writ of habeas corpus "for the reason that the petition fails to set forth facts showing that petitioner exhausted the remedies available to him in the courts of the State of Indiana, namely a belated appeal. Burns' Ann.Statutes § 9–3305 (1956 Repl.)."

The district court denied a certificate of probable cause, but this court on November, 23, 1962 granted leave to proceed *in forma pauperis* on appeal, and appointed counsel to represent petitioner in this court.

The petition for habeas corpus which was denied by the district court avers that he was arrested by the sheriff of Harrison County, Indiana, on a charge of incest, and the Harrison Circuit Court, on January 28, 1957, found him guilty and sentenced him to the Indiana State Prison for not less than two years and not more than twenty-one years; and he is now confined in said prison.

It further appears therefrom that, on January 31, 1958, petitioner filed a petition for a writ of error coram nobis in the Harrison Circuit Court, which denied the petition on December 8, 1958; that he thereupon, on April 8, 1959, filed an appeal to the Indiana Supreme Court, which denied him relief for the reason that he failed to comply with rule 2–2 of said court, 1958 Edition, under which the time within which to perfect an appeal expired on February 2, 1959. (White v. State, 239 Ind. 710, 159 N.E.2d 388; rehearing was denied. White v. State, 240 Ind. 697, 162 N.E.2d 677; and the United States Supreme Court denied certiorari,

White v. Indiana, 362 U.S. 981, 80 S.Ct. 1072, 4 L.Ed.2d 1018 (1960).)

It also appears therefrom that, on or about August 11, 1960, he filed an appeal to the Indiana Supreme Court from an adverse ruling on August 1, 1960 by the Harrison Circuit Court on his petition for appointment of counsel filed July 1, 1960. His appeal was denied on April 10, 1961, and a rehearing thereon was denied. The United States Supreme Court denied certiorari. 368 U.S. 970, 82 S.Ct. 446, 7 L.Ed.2d 399.

In answer to a letter which petitioner wrote, the chief justice of the Indiana Supreme Court on April 27, 1961, replied, *post* 3.

His petition for habeas corpus in the district court recited that the circuit court appointed James D. Williams as his counsel, and the public defender of Indiana refused to help petitioner in any manner.

In reference to his trial, petitioner stated that, after the jury brought in its verdict, attorney Williams asked if petitioner wanted him to appeal and that he told Williams, "Yes, because I am not guilty." He avers that Williams said "I will appeal it for you", but that is the last he heard from Williams.

Petitioner averred that, while confined in the state prison, he wrote the public defender of Indiana several letters asking for help in appealing his conviction and the public defender declined to assist him.

He attached to his petition an alleged reply of the public defender, dated July 16, 1957, addressed to petitioner, which we set forth below:

"This is in answer to your letter of June 25, 1957. After reading your transcript of trial, we find the following evidence.

"(1) Tillie White, your wife, testified that she had been informed by her family that you had been having intercourse with your daughter and reported same to police;

"(2) Dr. Carl Dillman of Corydon testified that, in his opinion, your daughter had engaged in many (or several) sexual relations;

"(3) Your daughter, Etria White, testified that you had been having sexual relations with her once a week for the previous two (2) years; she was fifteen (15) years old at the time of the trial;

"(4) Dr. George Doyle, Louisville, Kentucky, testified that, in his opinion, your daughter was a competent witness.

"(5) You admitted at the trial that you played and scuffled with your daughter in bed at times prior to this charge."

"The best (and Only) way to attack this judgment is *first*, to *file a belated Motion for a new trial*, then *second, file a belated appeal to the Supreme Court of Indiana.* Harrison County will not furnish you with a pauper attorney to do this because your time for appeal has expired. *Our office will not help you* in any manner because there are neither procedural or evidentiary errors in your record of trial upon which to base an appeal. If there had been errors, your attorney would have appealed for you immediately after the trial.

"We shall return your transcript of trial to you; this office can do nothing further for you." (Italics supplied for emphasis.)

Petitioner alleged that on April 24, 1961, he wrote to the chief justice of the Indiana Supreme Court, "asking why Petitioner for Appointment of Counsel was denied on April 10, 1961", to which Chief Justice Arch N. Bobbitt replied on April 27, 1961, as follows:

"In reply to your letter of April 24, your Petition was denied on April 10 for the reason that you had not complied with Rules 2–5 and 2–6 of this Court, and for the further reason that the services of the Public Defender of Indiana are available to those prisoners who are unable to pay the cost of post-con-

viction legal procedures in all cases where there is merit to the appeal.

"If you are acting as your own lawyer, you must abide by the rules of Court the same as any other litigant."

Petitioner replied to the chief justice on May 4, 1961, saying in part:

"I have tryed to avail myself for the service of the Public Defender, the Public Defender has refused to help me, as the exhibit will show, further Rules 2–5 and 2–6 as you stated, I still do not know why I was denied my petition on April 10, 1961. I do not have law books and do not have access to a law library."

1. Belated appeals are recognized by Burns' Indiana Statutes, Anno., Vol. 4, Part I, § 9–3305 (1956 Repl.), which reads:

"Supreme Court authorized to permit late appeals.—

"The Supreme Court of Indiana may, for good cause shown, under such rules as it may adopt or under such orders as it may make in a particular case, permit appeals from a judgment of conviction after the original time for taking an appeal has elapsed."

2. In Lane v. Brown, 372 U.S. 477, at 479, 83 S.Ct. 768, at 770, 9 L.Ed.2d 892 (1963), the court considered the Indiana statutory provisions for a public defender, saying:

" *  *  * In 1945 the Indiana Legislature enacted the so-called Public Defender Act, a law to deal with the problem of providing legal assistance to indigent prisoners in postconviction proceedings. It is the operation of the provisions of this law, as interpreted by the Supreme Court of Indiana, which we find constitutionally deficient in the present case.

"The 1945 legislation created the office of Public Defender, to be appointed by the State Supreme Court, and, as later amended, authorized him to employ 'such deputies, stenographers or other clerical help as may be required to discharge his duties  *  *  *.' The provisions of the law which are at the root of the problem in the case before us are those which define the Public Defender's basic duties and which authorize him to order hearing transcripts, or their equivalent, at public expense:

" 'It shall be the duty of the public defender to represent any person in any penal institution of this state who is without sufficient property or funds to employ his own counsel, in any matter in which such person may assert he is unlawfully or illegally imprisoned, after his time for appeal shall have expired.'

" 'The public defender may order on behalf of any prisoner he represents a transcript of any court proceeding, including evidence presented, had against any prisoner, and depositions, if necessary, at the expense of the state, but the public defender shall have authority to stipulate facts contained in the record of any court, or the substance of testimony presented or evidence heard involving any issue to be presented on behalf of any prisoner, without the same being fully transcribed.' "

At 480, of 372 U.S., at 770 of 83 S.Ct., the court added:

" *  *  * The Indiana court has held that under the above-quoted provisions of the Public Defender Act, only the Public Defender can procure a transcript of a *coram nobis* hearing for an indigent; an indigent cannot procure a transcript for himself and appeal *pro se,* nor can he secure the appointment of another lawyer to get the transcript and prosecute the appeal. State ex rel. Casey v. Murray, 231 Ind. 74, 106 N.E.2d 911; Jackson v. Reeves, 238 Ind. 708, 153 N.E.2d 604; Willoughby v. State, 242 Ind. 183, [167 N.E.2d 881] 177 N.E.2d 465. The

upshot is that a person with sufficient funds can appeal as of right to the Supreme Court of Indiana from the denial of a writ of error *coram nobis,* but an indigent can, at the will of the Public Defender, be entirely cut off from any appeal at all."

At 481 of 372 U.S., at 771 of 83 S.Ct., the court stated:

" * * * Brown requested the Public Defender to represent him in perfecting an appeal to the Indiana Supreme Court. This request was refused because of the Public Defender's stated belief that an appeal would be unsuccessful. * * *

* * * * * *

"Brown finally instituted in the Federal District Court the habeas corpus proceedings we now review. * * * "

The Supreme Court, 372 U.S. at 483, 83 S.Ct. at 772, said:

"Both the District Court and the Court of Appeals were of the opinion that the issue in the present case is controlled by recent decisions of this Court which have held constitutionally invalid procedures of other States found substantially to deny indigent defendants the benefits of an existing system of appellate review. We are in complete agreement."

The court then cited Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209; Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39, and Eskridge v. Washington Prison Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269. The court held that Lane v. Brown fell clearly within the area staked out by these decisions, although it did not involve a direct appeal from a criminal conviction. However, it said that Smith makes clear that the Griffin principle also applies to state collateral proceedings and that Burns leaves no doubt that the principle applies, even though the state has already provided one review on the merits.

It pointed out at 485 of 372 U.S., at 773 of 83 S.Ct.:

"In Eskridge the Court held constitutionally invalid a provision which permitted a trial judge to prevent an indigent from taking an effective appeal. The provision before us confers upon a state officer outside the judicial system power to take from an indigent all hope of any appeal at all. Such a procedure, based on indigency alone, does not meet constitutional standards. We have no doubt that Indiana, with its historic concern for equal justice under law, will find no practical difficulty in correcting the constitutional deficiency which this case exposes."

3. It is obvious to us that petitioner has been unable to appeal from his conviction because of his indigency and that existing circumstances have rendered the state's corrective process ineffective to protect the rights of petitioner. Moreover, it is evident that it would be unrealistic to assume that the public defender may reasonably be expected to prosecute an appeal on behalf of petitioner. In such a situation, the Supreme Court of Indiana recognized in its order of April 23, 1963, in Brown v. State of Indiana, 241 Ind. 298, 171 N.E. 2d 825, that it may direct the trial court to appoint and furnish counsel for petitioner for an appeal to the Supreme Court of Indiana. This obligation has been recognized by that court in State ex rel. White v. Hilgemann, 218 Ind. 572, 576, 34 N.E.2d 129, 131. It has been emphasized by the United States Supreme Court in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, as recently as March 18, 1963.

For these reasons the order of the district court is vacated and this case is remanded to that court, so that appropriate orders may be entered ordering petitioner's discharge from the custody of respondent warden, unless within a reasonable time the State of Indiana provides petitioner an appeal on the merits from his conviction to the Supreme Court

of Indiana and counsel to institute and prosecute said appeal.

We appointed attorney Porter R. Draper of the Indiana bar, to represent petitioner in this court. We commend and thank Mr. Draper for the able service he has rendered on behalf of petitioner.

Order vacated and case remanded, with directions.