BEARD *v.* STATE OF INDIANA.

[No. 30,061. Filed October 31, 1961.]

James T. Hooper, Sr., of Lawrenceburg, for appellant.

Edwin K. Steers, Attorney General, Patrick D. Sullivan, Deputy Attorney General, and Greeley Gay, Prosecuting Attorney, 80th Judicial Circuit, for appellee.

ACHOR, J.—This is an appeal from a judgment by which the trial court denied a petition for writ of error coram nobis.

The appellant was, on October 15, 1947, upon his plea of guilty, committed to the Indiana State Prison for the crime of having inflicted physical injury while engaged in the commission of a robbery.

As cause for appeal, appellant argues:

1. That the trial court erred in not appointing pauper counsel for the appellant.

2. That the trial court did not fully inform the appellant as to his constitutional rights with respect to the presentation of a defense to the crime for which he was charged.

3. That his plea of guilty was prompted by fear, occasioned by physical abuse by the arresting officers and because of the danger of mob violence and upon the advice of police officers, and therefore such plea was not his free and voluntary act.

There is no merit to any of the contentions asserted by appellant.

First: The colloquy with respect to the appointment of counsel between the court and the appellant at the time of the arraignment, as it appears of record, is as follows:

[By the court:]

"Before reading the affidavit to you I want to ask you some questions.

Q. Do you have any attorney to represent you?

A. No, sir.

Q. Have you any money or means with which to hire an attorney?

A. No, sir.

Q. You are entitled to an attorney and if you have not the money or means with which to hire an attorney, it is the duty of the court to appoint an attorney for you. Do you want an attorney appointed to counsel with you and to represent you before you are arraigned:

A. It is not necessary, I guess.

Q. You don't want any attorney?

A. No."

The only conclusion that an ordinarily reasonable person could draw from the above colloquy is that appellant did not want an attorney even though ■ he knew that he would be provided an attorney at public expense, if he so requested. The court is not obliged to appoint an attorney for an accused against his will, during arraignment.

*Second:* With regard to appellant's contention that he was not fully informed with regard to his constitutional rights, it appears from the record ■ that the trial court was meticulous in its instructions to the defendant with regard to his constitutional rights at the time of his arraignment. Furthermore, appellant does not now in this appeal direct this court's attention to, or argue that he was not informed regarding, *any particular* constitutional right at the time of his arraignment. Therefore, for each of the above reasons no error is presented with respect to this issue.

*Third:* With respect to appellant's contention that his plea of guilty was the product of physical abuse on the part of the police officers, the threat of mob violence and the advice of the police, we make the following observations: Appellant's statement that he was abused by the arresting officers is contradicted by both the arresting officers and photographs taken of appellant at the time. The threat of mob violence is denied by all the officers and court personnel who had knowledge of the conditions at the time of appellant's presence in Ripley County where the crime occurred and the proceedings related to appellant's conviction were had. Furthermore, appellant's contention that he was induced to plead guilty by police officers is denied by the officers themselves and is contradicted by appellant's own statement, made at the time of his arraignment.

In every particular appellant's self-serving testimony is controverted by substantial, if not overwhelming, evidence. Therefore, our decision in this case is governed by the rule that where the evidence is conflicting, this court, on appeal, will not weigh such conflicting evidence or judge the credibility of witnesses. *Dobson* v. *State* (1961), 242 Ind. 267, 177 N. E. 2d 395; *Yessen* v. *State* (1955), 234 Ind. 311, 126 N. E. 2d 760.

Judgment affirmed.

Landis, C. J., Arterburn and Bobbitt, JJ., concur.

Jackson, J., not participating.

NOTE.—Reported in 177 N. E. 2d 589.