YARBER V. STATE OF INDIANA.

[No. 30,022. Filed February 13, 1962. Rehearing denied March 27, 1962.]

*Orr & Bridwell,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Patrick D. Sullivan,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was indicted for murder in the second degree. The cause was submitted to a jury for trial resulting in his conviction as charged, and his sentence to life imprisonment.

On this appeal he assigns as error the overruling of his motion for new trial.

Appellant contends the evidence is insufficient to sustain a conviction for second degree murder.

To consider this question it is necessary that we review the evidence most favorable to appellee, which was in substance as follows:

On the 14th day of November 1959, deceased and appellant had been drinking; that for some reason, not explained or remembered by appellant a fight ensued, all of which took place in the bedroom of deceased's apartment, that very shortly thereafter, appellant was coherent and not drunk; that appellant hit deceased with a beer bottle, breaking it, and armed with the broken beer bottle, while on top of the unarmed decedent, jabbed at him with the bottle; that the decedent was then covered with blood and had suffered the loss of one eye, and that his jugular vein had been slashed; that appellant ran out the front door, which door was not locked, and in fact, could not have been locked; that the deceased died on the way to the hospital; that death was caused by severe hemorrhage; that a piece of brown glass was taken from his neck, which the jury could have inferred came from a beer bottle; that only one broken beer bottle was found at the scene, which bottle had

blood all over it; that a search was made by police officers and no knives or other weapons were found which could have been used; that appellant was picked up by police fully dressed and covered with blood; that he had a jagged cut between his thumb and index finger; that appellant was searched and had no knife or other weapon on his person and only twenty-seven cents in change; that no dice or cards were found at the scene, or on the person of appellant, and, in fact, appellant stated he had carried no dice.

Appellant argues that there is evidence of intoxication and provocation in the record destroying the inference of malice. Appellant also contends the evidence shows self-defense.

While evidence of intoxication is admissible and may be considered in behalf of a person on trial for a crime involving specific intent, it acts as a complete and effective defense only when its degree is such as to render the accused incapable of entertaining the specific intent. *Brattain* v. *State* (1945), 223 Ind. 489, 497, 61 N. E. 2d 462, 465. Appellant admits in his brief the jury could have properly inferred an *intent* to injure and a *wilful* killing. If appellant had sufficient mental capacity to form an intent to injure, it is difficult to see how it could be contended he was so incoherent and irrational that he had lost command of his reason. As a matter of fact, appellant himself, when asked whether he was drunk, stated: "I had some. I wouldn't say I was out."

Appellant attempted to show provocation by claiming decedent was angered by losses in a dice game immediately before the homicide and that he attacked appellant. Appellant's claim was discredited by the physical facts, viz.: There were

no dice at the scene, nor on the person of appellant, nor was the money claimed to have been won by appellant found on his person, although he was fully dressed when apprehended almost immediately following the incident. It is well settled that the sudden heat of passion sufficient to reduce a homicide from murder to manslaughter must be accompanied by adequate provocation. *Henning* v. *The State* (1886), 106 Ind. 386, 400, 6 N. E. 803, 812, 7 N. E. 4.

Similarly, appellant's contention of self-defense was controverted by evidence in the record. Appellant's claim that decedent attacked him with a twelve inch butcher knife was controverted by the testimony of a third person that deceased was unarmed. No knife, much less a twelve inch butcher knife, was found at the scene, nor in the possession of appellant when arrested. Appellant's claim that he was cut on the hand by such a knife was refuted by the fact that such cut was jagged.

The use of a deadly weapon against an unarmed man substantiates the essential element of malice rather than refutes it. *Barker* v. *State* (1958), 238 Ind. 271, 280, 150 N. E. 2d 680, 684; *Bridgewater* v. *State* (1899), 153 Ind. 560, 563, 55 N. E. 737, 738.

Upon the evidence introduced in this case we cannot say the jury acted unreasonably or arbitrarily in refusing to believe the accused's version of the incident and in finding him guilty of second degree murder. There was sufficient evidence, if believed by the jury, to sustain its verdict, and it is not within our power to weigh the evidence or to say what testimony the jury should have believed. The issues as to the existence or non-existence of

malice, provocation, self-defense, and intoxication of appellant were all matters for the determination of the jury, and upon such evidence as appears in the record we cannot upset their verdict. *Dobbs* v. *State* (1957), 237 Ind. 119, 143 N. E. 2d 99; *Schlegel* v. *State* (1958), 238 Ind. 374, 150 N. E. 2d 563.

The judgment is affirmed.

Achor, C. J., and Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 179 N. E. 2d 882.