STATE EX REL. MACON *v.* ORANGE CIRCUIT
COURT, RATTS, JUDGE.

[No. 0-660. Filed October 23, 1962. Rehearing denied
December 5, 1962.]

*Peter Macon, pro se.*

ARTERBURN, C. J.—The petitioner, pro se, states
that he was found guilty of second degree murder in
the Orange Circuit Court on the 9th day of December,
1961, and sentenced to imprisonment for life, and
that thereafter on January 5, 1962, he filed in the
trial court a pleading entitled "Motion For Transcript
To Be Prepared At County Expense And For Exten-
sion Of Time In Which To File Motion For New
Trial", which motion was overruled by the judge of

that court. He has now filed in this court a pleading entitled "Motion For Appointment Of Counsel", in which he prays for a writ of mandate to compel the respondent court to sustain his motion for a transcript and extension of time to file a motion for a new trial. He claims he is a pauper and financially unable to obtain a transcript and that he has applied to the Public Defender of this state, who has likewise refused to consider his plea.

It appears from the petitioner's pleading that the trial court, on his petition as a pauper, appointed counsel to represent him during his trial. There is no complaint with reference to the competency of such counsel. It does appear, however, that such counsel did not file any motion for a new trial specifying that any alleged error occurred at the trial which would entitle the petitioner to a new trial or serve as a ground for an appeal.

No one is better able to determine whether error has occurred which would be grounds for a new trial than such trial counsel. We know in most cases a transcript of the evidence is not necessary for the examination in the determination of whether or not a motion for a new trial should be filed. Competent trial counsel normally will make adequate notes and memoranda during the trial for such purposes. We further know that a transcript of the evidence in most cases cannot be obtained within the time limit within which a motion for a new trial must be filed, and trial counsel must rely upon their own memoranda and notes for such specifications. In the event that it concerns evidence, we know from experience that trial counsel may obtain from the court reporter an oral reading or partial extracts of such evidence pertaining to such alleged error without obtaining a

full transcript. This is done often during trial for use in examining witnesses. A complete transcript is normally not necessary in order to file a motion for a new trial.

We must therefore assume that competent counsel assigned for trial would have filed a motion for a new trial if meritorious grounds therefor had existed, since such was his duty.

Under the law of this state it is part of the duties of trial counsel, whether representing a pauper defendant or not, to file a motion for a new trial *if such counsel feels that there are meritorious grounds for a new trial and an appeal.* In other words, trial counsel may not, upon the rendition of the verdict or the finding of guilty, walk out of the court room and shed himself of all responsibility with reference to the rights of his client if, in his opinion, the trial court has committed error which may be the basis for a motion for a new trial. We have no right to assume competent counsel would disregard such duty. *Willoughby* v. *State* (1961), 242 Ind. 183, 177 N. E. 2d 465.

There are many cases before trial courts in which no motion for new trial is ever filed nor an appeal taken, and we cannot assume without a showing that a motion for a new trial should have been filed or that counsel was incompetent because such a motion was not filed.

The defendant may not, therefore, demand that the trial court search for other counsel than that previously appointed who would advise an appeal and, if any such counsel can be found, then appoint such counsel at public expense. Appellant's constitutional rights have been protected when he has been given competent counsel and a fair trial.

The failure of petitioner's own counsel to present sufficient grounds for an appeal justifies the trial court's decision in this case. *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. 2d 129.

The petition is denied.

Bobbitt, Landis and Achor, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 185 N. E. 2d 619.