STATE EX REL. MACON *v.* ORANGE CIRCUIT COURT ET AL.

[No. 0-660. Filed January 17, 1964. Rehearing denied May 7, 1964.]

*Peter Macon, pro se.*

*Charles R. Ratts, pro se.*

PER CURIAM.—We have a letter from the Clerk of the United States Supreme Court enclosing what purports to be an order of that court dated December 16, 1963, reading as follows:

"SUPREME COURT OF THE UNITED STATES

"MACON v. INDIANA

"ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF INDIANA.

"No. 37, Misc. Decided December 16, 1963.

"PER CURIAM.

"The motion for leave to proceed in *forma pauperis* and the petition for writ of certiorari are granted. The judgment is vacated and the case is remanded to the Supreme Court of Indiana for further consideration in light of *Lane* v. *Brown,* 372 U.S. 477."

Previously, on November 23, 1962 this court handed down an opinion in *State ex rel. Macon* v. *Orange*

*Circuit Court* (see 243 Ind. 429, 185 N. E. 2d 619) in which we stated the petitioner had filed a paper entitled "Motion for appointment of counsel." In that opinion we pointed out that the petitioner had court-appointed counsel at public expense in a trial in which he was convicted of second degree murder. The counsel, however, did not file a motion for a new trial. In that opinion we pointed out that there was no allegation or contention that the counsel was incompetent. After qualifying as a member of the bar of this state, we must presume he had the competency to determine whether there were any grounds for a motion for a new trial. It was his duty to file a motion for a new trial if any grounds existed therefor in his opinion as a competent attorney. *Willoughby* v. *State* (1960), 242 Ind. 183, 167 N. E. 2d 881, (reh. den.) 177 N. E. 2d 465, (cert. den.) 374 U. S. 832; *Lane* v. *Brown* (March 18, 1963), 372 U. S. 477.

Pursuant to the mandate of the United States Supreme Court we have reviewed this matter in the light of *Lane* v. *Brown, supra.*

It is our duty to determine and define the law of the State of Indiana, and we hold that where a defendant in a criminal case has failed to file a motion for a new trial, he has no grounds for an appeal to this court. This law is applicable alike to the rich man and the pauper in this state.

There are many cases before trial courts in which no motions for a new trial were ever filed nor an appeal taken. It does not follow that in all those cases a defendant may thereafter, as of right, ask that counsel be appointed and a transcript furnished him at public expense, when under the law of this state, no right of appeal exists. Counsel for

both the pauper as well as the rich man is aware during trial of any actions which may be grounds for a new trial, and the knowledge of such attorney is the knowledge of the client. A pauper can not claim the beneficial portions of counsel's services and disclaim the undesirable portions thereof, any more than a rich man may do so. The pauper has no greater rights in this state than a rich man whose counsel has failed to file a motion for a new trial.

What we have said was the applicable law at the time this case was determined. We point out under the new rules of this court (Rules 2-40 and 2-40A), that the petitioner may ask leave to file a belated motion for a new trial and be granted such permission if he is able to make the showing provided therein. Since petitioner had competent counsel during trial and is bound thereby, the grounds for a belated motion would have to be based on matters de hors the record not coming to the attention of his counsel during trial.

Until at least the trial court finds that the petitioner is able to file a belated motion for a new trial, there is no necessity for ordering a transcript at public expense. However, in the preparation of an application to file a belated motion for a new trial, the petitioner, as a pauper, is entitled to have counsel appointed by the trial court to prepare and present such an application.

The respondent herein is directed to appoint counsel for said purpose.

Jackson, J., concurs in result.

### On Petition For Rehearing

Per Curiam.—On rehearing our attention has been called to our order to the trial court to appoint counsel

for the petitioner, other than the Public Defender of the State of Indiana. We point out our reason for doing this is that this official has previously taken a position inconsistent with that of the petitioner in his request to file a belated motion for a new trial.

In refusing at this time to order a transcript of the trial record for a belated motion for a new trial, we note that the rules of procedure in Indiana are far more liberal than that prescribed by the United States Supreme Court for federal trial courts. In Indiana a defendant has a period of 30 days after conviction within which his counsel may determine in good faith whether or not to file such a motion and prepare the same if he finds merit exists therefor. However, under rules approved by the United States Supreme Court, a defendant in a criminal case has only 5 days, and any extension to file a belated motion *must be requested with the five-day period*. (Rule 33, Rules of Criminal Procedure, United States Courts.)

It would seem that no transcript is considered necessary for the filing of a motion for a new trial in a criminal case in a federal court. The period being so short for that purpose, the notes of trial counsel during trial must be relied upon for such purpose.

As judges, who as lawyers have engaged in trial work, we know that competent trial counsel can, should and will make adequate notes and memoranda during trial for use in preparing a motion for a new trial, thus making a transcript unnecessary, as we have previously said. *State ex rel. Macon* v. *Orange Circuit Ct.* (1962), 243 Ind. 429, 185 N. E. 2d 619.

We have held it is the duty of trial counsel (for rich or poor) to file such a motion *if merit exists*. He

should not file such a motion *in bad faith* if he believes no meritorious grounds exist therefor.

The original trial counsel was best able to judge during the 30 day period if merit existed for filing a motion for a new trial from his notes, memoranda and knowledge during trial. He has a duty in Indiana as competent counsel to so act and make such decision as part of trial counsel's obligation. *Willoughby* v. *State* (1960), 242 Ind. 183, 167 N. E. 2d 881, Reh. Den. 177 N. E. 2d 465; Cert. Den., 374 U. S. 832, 83 S. Ct. 1876, 10 L. Ed. 2d 1055; *State ex rel. Macon* v. *Orange Circuit Ct.* (1962), 243 Ind. 429, 185 N. E. 2d 619.

A pauper and a rich man alike are bound in this state by the action or non-action of competent trial counsel. So far as we can find, that principle is true in federal courts if there is a failure to file a motion for a new trial within five (5) days and no request is made within such time to file a belated motion *as to matters occurring during the trial*.

Lawyers and judges of experience know that courts can operate under no other principle. Nothing would ever be finally settled or adjudicated without following such principles.

In reviewing this case as directed "in the light of *Lane* v. *Brown* (1963), 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed. 2d 892", we must call attention to the fact that since that case was decided, and in the light of the suggestion in that case and others that in post-conviction proceedings some screening procedure is permissible, because (as Justice Clark points out in *Douglas* v. *California* (1963), 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811) statistics show that over 96% of such petitions are frivolous and without merit, we

have revised our rules in such procedures and abolished petitions for writs of error coram nobis and provided for other procedure (See Rules of this court, Rule 2-40, et seq., dated September 11, 1963.) The procedure outlined by these new rules is modeled to a large extent after that used in the United States Supreme Court in certiorari cases with the object in mind that a more adequate screening process may take place so that convicts are not continually reaching into the pockets of the taxpayers for full transcripts or the appointment of counsel in all post-conviction proceedings, with the further hope that this court will have more time for consideration of matters that have a higher percentage of merit before this court.

We do not believe the United States Supreme Court is deliberately imposing a double standard on state and federal courts in regard to the requirements of a transcript and the appointment of counsel in every case when a belated motion for a new trial (or writ of error coram nobis) is requested in a criminal case, particularly when no motion was filed within the liberal period of thirty (30) days in Indiana, compared to five (5) days under the rules approved for federal trial courts.

Even though no showing is made in this case of any merit, and even though the Public Defender has found no merit exists, and even though we thus far have been shown that no merit exists, and even though the petitioner or his trial counsel herein have not pointed out any specific meritorious error for consideration here, we have, nevertheless, directed the trial court to appoint counsel, at taxpayers' expense, to prepare an application for a belated motion for a new trial, if such counsel can find any ground for filing such an application in good faith.

Rehearing denied.

Jackson and Myers, JJ., concur in result.

NOTE.—Reported in 195 N. E. 2d 352.
          Rehearing denied 198 N. E. 2d 229.