BULLARD *v.* STATE OF INDIANA.

[No. 30,441. Filed February 3, 1964. Rehearing denied April 2, 1964.]

*Warren R. Everett,* of Terre Haute, for appellant.

*William Alfred Bullard, Jr., pro se.*

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with murder in the first degree and upon trial, a verdict was

returned of guilty of murder in the second degree. The defendant appeals and the sole ground therefor is the specification that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. This requires a review of the evidence submitted and a consideration thereof in light of the principle that on review we may consider only the evidence most favorable to the sustaining of the trial court's judgment. *Tait* v. *State* (1963), 244 Ind. —, 188 N. E. 2d 537.

In doing so, we may not weigh the evidence nor determine the credibility of witnesses. *Myers* v. *State* (1960), 240 Ind. 641, 168 N. E. 2d 220; *Denson* v. *State* (1960), 240 Ind. 324, 163 N. E. 2d 749.

The record here reveals that the appellant and the decedent, Alphaeus Larvere Boyd, engaged in an altercation in the early hours of the night of December 18, 1962 at an American Legion post in Vigo County, Indiana. Two or three fights involving other persons had occurred at the place during the night. The decedent apparently started the fight by asking the defendant what he had said to witness Linda Turner. The evidence is that the deceased struck the defendant first and they were striking each other with their fists when several men rushed into the affray and separated the combatants. The fight was broken up. Both fighters regained their feet and the defendant then called the decedent a filthy name. The appellant says the decedent then started towards him with his fists doubled up. All other witnesses are silent as to any threatening gestures made by the decedent after the fight was stopped. It was at this time the defendant drew the gun from his pants pocket and fired point blank at the decedent who was standing within a few feet of him, mortally

wounding the decedent. Thereafter the bystanders took the gun away from the appellant and he was later arrested and charged with the offense of murder in the first degree. It is contended that the appellant was acting in self-defense.

The appellant states that he understood that the decedent had carried a gun on a previous occasion. There is no contention that the decedent in the first fight had attempted to use a gun, nor that he had made any motion towards drawing a gun at the time he was shot by the appellant. There is no evidence that any gun was found upon the decedent.

The statute, Burns' §10-3404, reads:

> "Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison during life." Acts 1905, Ch. 169, Sec. 350, being §10-3404, Burns' 1956 Repl.

The force that may be used in self-defense is limited to what is reasonably necessary to repel the attack, and deadly weapons cannot be used to repel a slight assault or a trespass amounting only to a misdemeanor. Ewbank's *Indiana Criminal Law*, Vol. 2, §1395, p. 765.

The decedent was unarmed. There is no evidence that he attempted to use any deadly weapon. If we assume that the decedent for the second time was the assaulting defendant after the first fight had ended and the parties were separated, still there is no showing that his self-defense required the taking of the life of the decedent. The evidence in this case does not even present facts which would cause the appellant to have an apparent fear of losing his own life by reason of the act on the part of the decedent.

It has been said:

"The fact alone that the prosecuting witness first struck the accused with his fists does not justify the latter in assaulting the former with a knife." *Walker* v. *The State* (1894), 136 Ind. 663, 36 N. E. 356.

The jury is not compelled to accept the contention or testimony of the accused that he believed he had to use a gun in self-defense. It was for the jury to determine under the circumstances from all the evidence whether appellant had reasonable grounds to believe at the time it was necessary to shoot and kill his assailant in defense of himself. *Swift* v. *State* (1961), 242 Ind. 87, 176 N. E. 2d 117.

It has been said further:

" . . . It is certain, however, that the deceased was unarmed, and, at most, that, in their scuffle, he struck appellant with his fist. But, as a general rule, the law will not excuse one who repels a blow with the fist by stabbing his assailant." *Smith* v. *The State* (1895), 142 Ind. 288, 297, 41 N. E. 595, 597.

The evidence was sufficient to support the verdict of the jury.

The judgment of the trial court is affirmed.

Landis, C. J., and Achor and Myers, JJ., concur. Jackson, J., concurs in result.

### On Petition For Rehearing

ARTERBURN, J.—The appellant was charged with murder in the first degree and upon trial, was found guilty of murder in the second degree. Following an appeal, we affirmed the judgment. (See *Bullard* v. *State* (1964), 245 Ind. 190, 195 N. E. 2d 856)

The appellant has filed a petition for rehearing, stating that his trial counsel (privately employed) following his trial and conviction, did not file a motion for a new trial and that the appellant was compelled pro se to file a motion for a new trial, which was overruled.

Thereafter, upon application of the appellant, the trial court appointed counsel for him as a pauper for the purposes of an appeal. The counsel so appointed was an attorney other than the one who had represented the appellant at the trial, and the case thus differs from that of *Sparks* v. *State* (on rehearing) March, 1964, 245 Ind. 250, 196 N. E. 2d 748. In the latter case trial counsel failed or refused to file a motion for a new trial, yet inconsistently accepted an appointment to represent an appellant on appeal.

In *State ex rel. Macon* v. *Orange Circuit Court* (1962), 243 Ind. 429, 185 N. E. 2d 619, we held that it was the duty of trial counsel, whether representing a pauper or a rich person, to file a motion for a new trial *if such counsel feels there are meritorious grounds for a new trial.* A failure of counsel to do so is an assumption that no meritorious grounds existed in the opinion of competent counsel. There is no claim here that counsel was incompetent. *Willoughby* v. *State* (1960), 242 Ind. 183, 177 N. E. 2d 465, (*cert. den.*), 374 U. S. 832, 83 S. Ct. 1876, 10 L. Ed. 2d 1055.

There are many cases in which no motion for a new trial is ever filed because either no grounds therefor existed in the opinion of competent counsel, or the defendant has acquiesced and accepted the same and waived any motion for a new trial or appeal. A defendant may waive in Indiana his right to appeal by his act or the act of his counsel. Both a

pauper and a rich man in Indiana are bound by his counsel's actions.

> "A pauper can not claim the beneficial portions of counsel's services and disclaim the undesirable portions thereof, any more than a rich man may do so. The pauper has no greater rights in this state than a rich man whose counsel has failed to file a motion for a new trial." *State ex rel. Macon* v. *Orange Circuit Court,* January, 1964, 245 Ind. 269, 195 N. E. 2d 352, 353.

Appellant states that he has presented the question of his privately employed trial counsel's failure to file a motion for a new trial to this court at the first opportunity. However, the record shows that judgment was entered against the defendant and he was sentenced on March 22, 1963. The motion for a new trial was filed and overruled on April 11, 1963 and upon his application, counsel was appointed for him as a pauper on April 11, 1963. There was still sufficient opportunity to file a new or amended motion for a new trial if his counsel on appeal found the original motion insufficient for any reason.[1] A pauper and a rich man alike in this state are bound by the action or non-action of their counsel. Courts can operate only upon such a principle.

No facts support the appellant in his contention that he acted promptly in this case. We have a right to assume that he could have discussed or did discuss this question with his counsel at the time he was appointed, the same as he has presented it to this court—almost a year later. We have no right to assume that his coun-

---

1. Incidentally, we point out here in Indiana a party has thirty (30) days within which to file a motion for a new trial, as compared to five (5) days' time of a party in a criminal case in Federal court, under a rule approved by the United States Supreme Court. Rule 33, Rules of Criminal Procedure for United States District Courts.

sel deliberately turned down a meritorious ground for an appeal if his counsel found any merit. However, he makes no claim that there is any omitted ground for a motion for a new trial not specified in the motion filed.

It seems to us this is one of those cases where an appellant claims that technically he should have had counsel to prepare a motion for a new trial when his privately employed counsel failed to do so, and that therefore he ought not to be bound by the failure of his privately appointed and selected counsel. It appears further that if there was any merit in any unspecified claimed error, counsel appointed for the appeal would have discovered it and availed himself of it in appeal within time. In this state, errors occurring during trial known or apparent in the record are waived unless claimed and specified on appeal. An appellant has no right in such cases to keep quiet when an appeal is being perfected by competent counsel and the case decided and then, on rehearing, for the first time claim that there is error apparent in the record. Appellate courts should not be trifled with in such fashion.

The petition for rehearing is denied.

Landis, C. J., and Achor, J., concur. Jackson and Myers, JJ., concur in result.

NOTE.—Reported in 195 N. E. 2d 856. Rehearing denied 197 N. E. 2d 295.