SPARKS *v*. STATE OF INDIANA.

[No. 30,430. Filed January 24, 1964. Rehearing granted March 11, 1964. Second petition for rehearing denied April 27, 1964.]

*Warren R. Everett,* and *John R. Jett,* Both of Terre Haute, for appellant.

*Donald Hurcle Sparks, pro se.*

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is a prosecution by the State of Indiana against the appellant, Donald Hurcle Sparks, for the alleged offense of murder in the first degree. He pleaded not guilty and after a trial by the court, was found guilty of murder in the second degree.

The main contention here is that the State failed to prove the appellant guilty of malice as a necessary element of the offense of which the appellant was found guilty. For that purpose, we must review the evidence, guided by the principle that on appeal we may consider only the evidence most favorable to the support of the trial court's judgment. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Myles* v. *State* (1955), 234 Ind. 129, 124 N. E. 2d 205.

The evidence shows that the appellant was seventeen years of age on October 8, 1962, the day of the alleged killing; that the victim was Brenda Dawn Fredericks, age three years and four months. Brenda's father and mother both worked during the day and they employed the father's half-brother, the appellant, to care for

their three children, including Brenda. The Fredericks, on the day in question, left for work around six and seven o'clock, leaving the appellant with their three children. The two oldest children left for school about eight o'clock. After the two children had left, appellant found Brenda at a neighbor's home, spanked her and sent her back home. Shortly thereafter, a boy playmate age four, came to the Fredericks home to play with Brenda. The evidence reveals that the appellant was engaged in reading a sex-stimulating book known as "Too Many Beds". The appellant admits that he was stimulated sexually at the time as the result of this reading. He shared a carbonated drink with the children in the kitchen and then he and Brenda danced together. He says he was stimulated sexually in this activity and that he made a remark to the little girl about touching her privates. She told him that she would tell his father and he argued with her about it.

The evidence then is that some remarks were made about a gun that was in a drawer in the home and that either Brenda or the appellant got the gun. The appellant had recently cleaned and reloaded the pistol. Appellant says that he " . . . still thinking about her telling his father . . . ", drew the gun on her to scare her so she wouldn't tell his father. He said he became angry when he couldn't influence the girl with reference to telling his father, and that he squeezed the trigger, thus shooting and killing her.

Second degree murder is defined as follows:

"Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison during life." Acts 1905, Ch. 169, §350, p. 584, being Burns' §10-3404, 1956 Repl.

Malice is shown by the use of a deadly weapon. *Barker* v. *State* (1958), 238 Ind. 271, 150 N. E. 2d 680.

It has been said a number of times that the use of a deadly weapon against an unarmed person substantiates the essential elements of malice. *Yarber* v. *State* (1962), 242 Ind. 616, 179 N. E. 2d 882; *Dobbs* v. *State* (1957), 237 Ind. 119, 143 N. E. 2d 99; *Warren* v. *State* (1963), 243 Ind. 508. 188 N. E. 2d 108.

The evidence here is sufficient ior tne jury to conclude that malice existed as well as a motive for the shooting in this case. The law presumes that a person intends the natural, necessary consequences of his act. *Pitts* v. *State* (1939), 216 Ind. 168, 23 N. E. 2d 673.

The judgment of the trial court is affirmed.

Landis, C. J. and Achor, J., concur. Jackson, J., dissents with opinion. Myers, J., dissents with opinion.

## DISSENTING OPINION

JACKSON, J.—I cannot agree with the conclusions reached in the majority opinion and therefore dissent thereto.

The principal of law enunciated in and relied upon by the majority opinion, is on the state of facts disclosed by the record, inapplicable to the case at bar.

The judgment of conviction should be reversed and the cause remanded with instructions to grant the motion for a new trial.

## DISSENTING OPINION

MYERS, J.—My dissent is based upon two grounds. First, in my opinion, the circumstances as shown by the record in this case do not support a reasonable in-

ference of malice. *Miller* v. *State* (1962), 242 Ind. 678, 181 N. E. 2d 633.

Secondly, such evidence as there was could only indicate that the homicide was committed in sudden heat caused by such provocation as by law reduced the killing to the grade of manslaughter. See instructions approved by this court in *McDermott* v. *State* (1883), 89 Ind. 187, 193.

I would reverse the judgment, with instructions to enter a judgment finding appellant guilty of manslaughter. *Ritchie* v. *State* (1963), 243 Ind. 614, 189 N. E. 2d 575.

### ON PETITION FOR REHEARING

ARTERBURN, J.—On January 24, 1964 this court, in a 3-2 opinion (Myers and Jackson, JJ. dissenting), affirmed the conviction of the appellant on a charge of murder in the second degree. The appellant, the record shows, at the time of the alleged crime, was 17 years of age. He has now filed pro se, without counsel a petition for rehearing. In this petition, which is not contradicted, he stated that he is entitled to a rehearing for the reason that his court-appointed counsel for him as a pauper failed to properly represent him on appeal and in the trial court below by filing a motion for a new trial.

The appellant pro se alleges under oath:

"That Appellant, an indigent, was represented during the trial of this cause by Warren Everett, an attorney appointed by the Court, but was abandoned by his trial counsel immediately after judgment; that Appellant desired to file a motion for new trial and appeal his conviction and to have assistance of counsel in such endeavor but that, due to his being abandoned by his court-appointed counsel, he was forced to shift for himself in pre-

paring and filing a motion for new trial; that within the 30 day period allowed therefor Petitioner, with the assistance of fellow prisoners, prepared and filed a motion for new trial, a motion for appointment of counsel, and a request for an extension of time to permit Appellant to file a proper motion for new trial after obtaining counsel to assist and advise him; that, on March 21, 1963, the trial court overruled Appellant's self-prepared motion for new trial and his request for extension of time, but did sustain the motion for appointment of counsel and immediately thereafter did re-appoint Warren Everett to represent Appellant in his appeal; that Appellant was thereby denied counsel to represent him during a critical part of the proceedings, that is, in preparing and prosecuting a motion for new trial. That, further, Appellant presents this question to this Court at his first reasonable opportunity, in that he has previously requested his counsel to present it for adjudication, but said counsel has apparently ignored Appellant's request and failed to present same."

Nothing is filed denying these allegations.

He also asks that counsel be appointed by this court to represent him in his petition for rehearing. However, because of the results which we reach here, this will be unnecessary.

We have held expressly and without equivocation that it is the duty of trial counsel, whether they represent a rich or pauper client, to file a motion for a new trial in a criminal case where meritorious grounds exist therefor. In *State ex rel. Macon* v. *Orange Circuit Court* (1962), 243 Ind. 429, 185 N. E. 2d 619, 621, we stated:

"Under the law of this state it is part of the duties of trial counsel, whether representing a pauper defendant or not, to file a motion for a new trial *if such counsel feels that there are meritorious grounds for a new trial and an appeal.* In

other words, trial counsel may not, upon the rendition of the verdict or the finding of guilty, walk out of the court room and shed himself of all responsibility with reference to the rights of his client if, in his opinion, the trial court has committed error which may be the basis for a motion for a new trial. We have no right to assume competent counsel would disregard such duty. *Willoughby* v. *State* (1961), Ind., 177 N.E. 2d 465." See also: *State ex rel. Macon* v. *Orange Circuit Court* (1964), 245 Ind. 269, 195 N. E. 2d 352.

In examining the record before us we find that this appellant requested the trial court for counsel to prepare and file his motion for a new trial. This motion was overruled by the trial court. Then the appellant pro se, without counsel, filed a motion for a new trial, which was overruled by the trial court. The trial court did, however, thereafter appoint counsel for the appeal. This was the same attorney who had failed or refused to file a motion for a new trial upon which an appeal could be perfected. It appears that the court-appointed attorney was derelict as trial counsel in performing this duty for his client under the cases above cited. We normally would assume trial counsel could find no merit in an appeal when there is a failure to file a motion for a new trial. *State ex rel. Macon* v. *Orange Circuit Court, supra.* But in this case such counsel has taken the inconsistent position of thereafter accepting an appointment by the same court as counsel for appellant on appeal. If such counsel believed there was sufficient merit for an appeal, he had the obligation and duty to properly prepare and file a motion for a new trial in the trial court. He could not consistently refuse to file a motion for a new trial for the appellant, and thereafter accept the responsibility of perfecting an appeal in the same case. An adequate appeal can gen-

erally only be based upon a motion for a new trial, properly prepared.

As stated in *State ex rel. Macon* v. *Orange Circuit Court* (1962), 243 Ind. 429, 185 N. E. 2d 619, 620:

> "No one is better able to determine whether error has occurred which would be grounds for a new trial than such trial counsel. We know in most cases a transcript of the evidence is not necessary for the examination in the determination of whether or not a motion for a new trial should be filed. Competent trial counsel normally will make adequate notes and memoranda during the trial for such purposes. We further know that a transcript of the evidence in most cases cannot be obtained within the time limit within which a motion for a new trial must be filed, and trial counsel must rely upon their own memoranda and notes for such specifications. In the event that it concerns evidence, we know from experience that trial counsel may obtain from the court reporter an oral reading or partial extracts of such evidence pertaining to such alleged error without obtaining a full transcript."

Incidentally, we point out here that in Indiana a party has 30 days within which to file a motion for a new trial as compared to 5 days' time of a party in a criminal case in Federal court, under rules approved by the United States Supreme Court. Rule 33, Rules of Criminal Procedure for United States District Courts.

We find in this case that when court-appointed counsel filed his briefs and the assignment of errors, he did not specify therein, as grounds for error in the trial court, his failure or refusal to file a motion for a new trial. Nor did counsel specify the failure of the trial court to furnish appellant adequate counsel therefor by reason of the failure of appellant's court-appointed counsel in this case. None of these claimed

errors were presented to this court when the original opinion was reached and handed down, and appellant now asserts he is raising this point at the first opportunity. The appellant did not have a fair and adequate review on appeal of all alleged errors claimed in the trial court by reason of the failure of his court-appointed counsel to fully and adequately perform his duties under the decision of this court.

Under the decisions of the United States Supreme Court we have no alternative but to grant a rehearing in this case and send it back to the trial court for retrial. It is regrettable that the County must bear this added (which should have been unnecessary) expense of a second trial by reason of the failure of court-appointed counsel to perform his duties in preparing a motion for a new trial for the appellant, whom he represented in the trial court, and leaving the appellant, untrained in the law, to present such matter to this court as best he could.

Compensation for court-appointed counsel in pauper cases should not be approved by the trial judge until such court-appointed counsel has fully performed his duties. This includes the filing of a motion for a new trial in a criminal case, or a showing to the satisfaction of the trial court that his client has waived the filing of such a motion and an appeal, or that counsel finds no merit which he can, in good faith, support in the filing of a motion for a new trial, all of which showing should be put in the record.

In this case there is a plain inconsistency in the position of trial counsel appointed by the court in failing and refusing to file a motion for a new trial on the merits, upon which an appeal can be based, and

thereafter accept an appointment to represent the appellant in the appeal on the merits. There is also a failure to present all grounds of alleged error, and a failure to represent appellant in filing a petition for rehearing in this court. A rehearing is granted.

The judgment of the trial court is reversed, with directions to grant the appellant a new trial.

Landis, C. J., and Achor and Myers, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 195 N. E. 2d 469. Rehearing granted 196 N. E. 2d 748.