BELL *v.* STATE OF INDIANA.

[No. 30,454. Filed October 21, 1964.]

---

1. See reference to previous instances in: In Re Lee (1964), 0-715, 246 Ind. 7, 198 N. E. 2d 231.

*James W. Bradford,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Edgar S. Husted,* Deputy Attorney General, for appellee.

ACHOR, C. J.—Appellant was charged with the crime of robbery and convicted by the Criminal Court of Marion County, Division #2. He was accordingly sentenced to 10 to 25 years' imprisonment.

The sole question presented to this court is whether or not there was sufficient evidence to sustain the finding of the trial court. Basically, it is appellant's contention that his identification by the prosecuting witness was equivocal and that the testimony of his alibi witness was uncontradicted therefore leaving the identification of the appellant without support of sufficient evidence.

We cannot agree in appellant's analysis of the evidence. Appellant, who was a passenger in the taxicab of the prosecuting witness, was identified by him to police officers with such accuracy that appellant was apprehended shortly thereafter on the basis of his description and, on the witness stand, he identified the appellant as the man who had committed the robbery. It is true that on cross-examination this identification was "to the best of his ability" and "as sure as his mind will tell him," but these are not qualifying statements which necessarily discredited his testimony.

As to appellant's alibi evidence, a cousin of the appellant testified that appellant was with her at the

time of the alleged robbery. However, this testimony did not present to the fact-finding body an uncontraverted alibi as is contended by appellant. Rather, it presented the conflict in the testimony which this court, on appeal, will not weigh. *Yarber* v. *State* (1962), 242 Ind. 616, 179 N. E. 2d 882; *Beard* v. *State* (1961), 242 Ind. 222, 177 N. E. 2d 589; *Lander* v. *State* (1958), 238 Ind. 680, 154 N. E. 2d 507.

Furthermore, in this case we are confronted by the fact that upon his arrest for pre-robbery interrogation appellant attempted to escape from the arresting officers. This court has previously held that evidence showing flight of an accused is admissible to show consciousness of guilt and thus to support the fact of guilt itself. *Fletcher* v. *State* (1949), 227 Ind. 687, 88 N. E. 2d 146; *State* v. *Torphy* (1940), 217 Ind. 383, 28 N. E. 2d 70.

We conclude that there was substantial evidence in support of the decision of the trial court, which is all the evidence this court will consider on appeal *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848; *Grimes* v. *State* (1963), 244 Ind. 68, 190 N. E. 2d 663.

Judgment affirmed.

Arterburn, Landis & Myers, JJ., concur. Jackson, J., dissents.

NOTE.—Reported in 201 N. E. 2d 691.