### GRIFFITH v. STATE OF INDIANA.

[No. 0-701. Filed November 23, 1964. Rehearing denied March 18, 1966.]

*Claude Griffith, pro se.*

PER CURIAM.—Petitioner has filed motion for appointment of counsel in this Court to represent him in reviewing the action of the St. Joseph Superior Court, No. 1, growing out of his conviction after a jury trial in such court of the crime of grand larceny for which he was sentenced for a period of one to ten years.

·However, from petitioner's petition and other papers filed, it appears that on or about June 3, 1964, petitioner was paroled and is therefore no longer an inmate, pauper or otherwise, of any penal institution of the State. It further appears from said papers that petitioner has voluntarily absented himself from the State of Indiana and the jurisdiction of this Court and that he is presently residing at 821 Fourth Street, in the city of Madison, State of Illinois.

As this Court's jurisdiction is limited by the territorial boundaries of the State of Indiana and this Court has no authority to appoint counsel to perform duties outside the State of Indiana, the petition for appointment of counsel is now denied.

Achor, J., dissents without opinion.

## ON REHEARING

PER CURIAM.—Petitioner has filed a petition for rehearing from an order filed on November 2, 1965, dismissing his petition for a writ of certiorari. Petitioner by his petition for a writ of certiorari sought to obtain review of the trial court's denial of his "Verified Petition for a Writ of Error Coram Nobis." The trial court treated the "Verified Petition for a Writ of Error Coram Nobis" as a belated motion for new trial under Rule 2-40, Rules of the Supreme Court of Indiana. The basis of petitioner's "Verified Petition for a Writ of Error Coram Nobis" and Petition for Writ of Certiorari is that his counsel committed "gross neglect" in failing to include certain points in the motion for new trial and in failing to make proper objections to certain matters during the trial.

The following facts show that the Petition for Writ of Certiorari has no merit.

Petitioner was indicted and tried by jury on five counts, including burglary and armed robbery. On April 1, 1958, petitioner was convicted of only the lesser included offense of

grand larceny and was sentenced from one to ten years in the Indiana State Prison.

Petitioner retained his own counsel who represented petitioner at the trial. The counsel retained by petitioner also prepared and filed a timely motion for new trial in the cause and prosecuted an appeal to this court, all by petitioner's own choice. On appeal, this court affirmed the conviction of grand larceny in an opinion filed March 30, 1959. See *Griffith* v. *State* (1959), 239 Ind. 321, 157 N. E. 2d 191.

Petitioner made no complaint or objection to his counsel's conduct of the proceedings until after his conviction was affirmed by this court. It is well established that after the proceedings have terminated, a defendant in a criminal case cannot for the first time object to his self-chosen counsel's management of the case. *United States* v. *Hack* (7th Cir. 1953), 205 F. 2d 723, 726, 727, *cert. denied* 1953, 346 U. S. 875, 74 S. Ct. 127, 98 L. Ed. 383. The Seventh Circuit in *United States* v. *Hack, supra,* at pp. 726, 727, 205 F. 2d, quoted the following from *Burton* v. *United States* (1945), 80 U. S. App. D. C., 208, 151 F. 2d 17, 18:

"'* * * There are few trials free from mistakes by counsel. After judgment and on appeal, errors in judgment as to the conduct of the defense are easy to point out. Here the appellant selected his counsel and made no objection to his conduct of the case during trial. Under such circumstances it is well settled that error in judgment, incompetency or mismanagement of the defense by counsel is generally not ground for a new trial. * * *'"

This reasoning is even more compelling in the present case, where petitioner made no objection to his counsel's management of the case until after his conviction was affirmed on appeal.

In adddition, as stated above, petitioner's principal complaint and objection is that his counsel failed to include certain points in his motion for new trial. In *State ex rel. Macon* v. *Orange Circuit Ct.* (1962), 243 Ind. 429, 185 N. E. 2d 619, this court held that it was the duty of the trial counsel to file a motion for new trial, and that if

he does not file a motion for new trial it is to be assumed there are no meritorious grounds for a new trial and an appeal. Therefore, the only conclusion to be drawn from petitioner's counsel not including certain grounds in the motion for new trial is that the counsel was of the opinion that such grounds were not meritorious grounds for a new trial and an appeal. This court stated the following in *State ex rel. Macon* v. *Orange Circuit Ct., supra* (at page 430 of 243 Ind., at page 620 of 185 N. E. 2d) :

"No one is better able to determine whether error has occurred which would be grounds for a new trial than such trial counsel."

The petition is therefore denied.

NOTE.—Reported in 202 N. E. 2d 273. Rehearing denied 214 N. E. 2d 795.