## BUSHROD v. STATE OF INDIANA.

[No. 0-723. Filed January 13, 1965.]

*James Bushrod, pro se.*

*Edwin K. Steers,* Attorney General, for respondent.

ARTERBURN, C. J.—The petitioner, James Bushrod, also known as James Robert Bushrod, was convicted on March 10, 1964 on a charge of breaking and entering a gasoline filling station for felonious purposes. After a pre-sentence investigation which showed three previous convictions of burglary, he was sentenced on March 20, 1964, for second degree burglary. He has filed in this Court what he denominates a motion for additional extension of time within which to file a transcript and an assignment of errors for an appeal from the trial court and time within which to compel the trial court to appoint him counsel as a pauper and pay the expenses of the appeal.

We have granted one extension of time in this case and have referred the matter to the Public Defender of the State of Indiana to show cause why he should not represent the petitioner, since the time for filing a motion for a new trial in the trial court has expired, and under our rules recently adopted (Rule 2-40), the proper procedure is for the petitioner to file a petition for permission to file a belated motion for a new trial, setting out the alleged meritorious grounds for an appeal and why a motion for a new trial was not filed within thirty days after the verdict, as provided in Ind. Stat. Ann. §9-1903 (Burns' 1956 Repl.)

The Public Defender has filed his report with this Court, which shows that during the trial the petitioner was represented by the Honorable Marion J. Rice, a competent member of the bar of this state; that said attorney filed in the trial court below "a report of the attorney for defendant" in which he states he was retained in the court below by the petitioner here to represent him in the criminal prosecution. *This is not a case where counsel was appointed for a pauper by the trial court.* This attorney further states that he did all that

he properly could do to represent the defendant in the trial of said cause and that following said trial it was his opinion as an attorney that there were no errors of law occurring during the trial of said cause upon which any new trial could be granted or an appeal based. The attorney further, under oath, stated that he had a number of conversations with the defendant in regard to the filing of a motion for a new trial, but the defendant could give him no valid reason based on merit for the filing of such a motion. Said attorney further stated that he told the defendant that Vanderburgh County had a Public Defender, one John Bunner, who was an able and competent attorney, well-versed in the law, and that he could consult with him. The affidavit of said John Bunner was also filed in said court, wherein said Bunner stated that after an investigation he could find no meritorious grounds for an appeal.

It is further shown that nevertheless in July, 1964, petitioner herein, pro se, filed a petition for leave to file a belated motion for a new trial. To that petition the affidavits, as referred to above, of John Bunner, Public Defender, and Marion J. Rice were filed as answers thereto. On September 2, 1964, after a hearing on said petition pursuant to Rule 2-40 of this Court, the trial court overruled defendant's petition for leave to file a belated motion for a new trial. The petition for a belated motion for a new trial set out ten specifications. Seven of them referred to alleged errors occurring during the trial.

In view of the expert opinion of the Public Defender in this case, John Bunner, and that of petitioner's own attorney, Marion J. Rice, we must sustain the ruling of the trial court that no meritorious grounds existed on the seven specified alleged errors. Numbers 8, 9 and 10 of the specifications allege as grounds, the failure of petitioner's own attorney, Marion J. Rice, to

file a motion for a new trial within the statutory period of thirty days, and failure of John Bunner, Public Defender of Vanderburgh County, to file a belated motion for a new trial. It is to be further noted that the court did appoint John Bunner, Public Defender, to represent the petitioner in filing a motion for a new trial, and that he filed no belated motion for a new trial, as he stated in his affidavit, because he could find no meritorious grounds therefor.

We have said previously that it is the duty of trial counsel to file a motion for a new trial if meritorious grounds exist therefor, and such counsel cannot walk out of a case and shed themselves of responsibility where meritorious grounds for a new trial and appeal exist. We have also said that the best judge of whether meritorious grounds for a new trial and appeal exist, is the trial counsel representing the petitioner, and if no motion for a new trial is filed, we must assume that trial counsel found no meritorious grounds existed for action.

We have further stated that no counsel or member of the bar of this state should file any pleading, and particularly a motion for a new trial, in bad faith if he believes no meritorious grounds exist therefor.

We have also indicated that where no meritorious grounds exist, counsel should do as was done in this case—file a statement or affidavit setting forth the fact that he finds no meritorious grounds upon which any motion for a new trial may be based.

"A pauper and a rich man alike are bound in this state by the action or non-action of competent trial counsel." *State ex rel. Macon* v. *Orange Circuit Court* (1964), 245 Ind. 269, 198 N. E. 2d 229 (denying rehearing).

Our rules of criminal procedure are in many respects more liberal than those of the Federal court. A defendant in Indiana is granted thirty days within which a motion for a new trial may be prepared and filed, while in a Federal court this must be done in five days after verdict and, no doubt, in haste. We have revised our rules (See: Rules of this Court 2-40, et seq., dated September 11, 1963) in order to more adequately screen post-conviction remedies.

We are aware that at the State Prison and at the State Reformatory there is an operation which is known as a "writ room" where typewriters, paper and law books are arranged to facilitate the preparation of all kinds of petitions, pleadings and papers relating to post-conviction remedies for the convenience of the prisoners; that in fact, some of the prisoners are specialists, who virtually practice law in serving other prisoners with respect to such activity. As a result, our trial courts and courts of appeals are flooded with a large amount of frivolous applications and petitions, many of which, we have found, are deliberately falsified as to the facts. Yet it takes the time of the Court and the Public Defender to gather the facts relating to such applications and consider such pleas. It is urged the "writ room" relieves the tension of the prisoners.

Our concern, however, is that this practice results in merely shifting the burden of satisfying discontented prisoners to the courts, which are already overloaded with more meritorious matters of taxpayers and litigants entitled to more consideration. As stated by Justice Clark in *Douglas* v. *California* (1963), 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811, statistics show that over 96% of such petitions are frivolous and without merit. There should be a finality to a judgment at some point.

It appears to us that the petitioner in this case has

had more than his share of attorneys to represent him in his attempt to escape the penalties of the law. His own attorney denies petitioner's grounds for an appeal. In addition, he has had a hearing, in which the trial judge reviewed the merits of a post-conviction appeal. Furthermore, the Public Defender of the State of Indiana has reviewed the entire file and presented to us the record in this case, with his recommendation that he finds no merit in this case. We find there is no appeal pending nor any meritorious grounds for same, timely or belatedly. *Willoughby* v. *State* (1960), 242 Ind. 183, 167 N. E. 2d 881, rehearing denied 177 N. E. 2d 465, cert. denied 374 U. S. 832, 83 S. Ct. 1876, 10 L. Ed. 2d 1055; *State ex rel. Macon* v. *Orange Circuit Court* (1962), 243 Ind. 429, 185 N. E. 2d 619, rehearing denied 245 Ind. 269, 198 N. E. 2d 229.

The motion for additional extension of time to file a belated appeal is denied.

Landis and Achor, JJ., concur.

Jackson and Myers, JJ., concur in result.

NOTE.—Reported in 203 N. E. 2d 536.