TURNER *v.* STATE OF INDIANA.

[No. 30,551. Filed September 18, 1967.]

*George A. Rubin,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a conviction of unlawful possession of marijuana. The charge was initiated by the filing of an affidavit in two (2) counts, and thereafter super-

ceded by the filing of an amended affidavit in two (2) counts, the first of which charged the appellant with the unlawful sale of marijuana, and the second count of which charged the appellant with the unlawful possession of marijuana.

The statute on which the charges were based is Acts 1935, ch. 280, § 2, p. 1351; 1961, ch. 90, § 2, p. 169, § 10-3520, Burns' 1966 Cum. Supp.

Appellant waived arraignment and entered a plea of not guilty to the amended affidavit, waived trial by jury and was tried to the court, the trial resulting in appellant's conviction on the charge embodied in count two of the affidavit.

Appellant's Motion for New Trial contained two grounds, viz:

"1. That the finding of the Court is contrary to law.
"2. That the finding of the Court is not sustained by sufficient evidence."

Appellant's Motion for New Trial was overruled on December 19, 1963.

Appellant's Assignment of Errors contained three specifications, as follows:

"1. The Court erred in overruling Appellant's Motion for a new trial.
"2. The Court erred in overruling the Appellant's Objection to Direct Examination by the State of the State's witness, Kriby Crawley.
"3. The Court erred in admitting State's Exhibit No. 1, being a manila envelope purported to contain marihuana."

A summary of the evidence most favorable to the State in the case at bar is as follows:

On May 28, 1963, Ernest Haley saw appellant in the Hubbub Tavern in Marion County, Indiana. After a conversation with appellant Mr. Haley followed appellant into the restroom where he gave appellant three one dollar bills for marijuana. Mr. Haley testified that appellant then gave him

State's Exhibit No. 2, a manila envelope which contained marijuana.

Indianapolis Police Officer Crawley observed Mr. Haley approach appellant in the Hubbub Tavern and then go into the restroom with appellant, he saw them leave the restroom. Mr. Haley walked over to Officer Crawley and gave him the manila envelope which he purchased from appellant. The contents of State's Exhibit 2, which Mr. Haley testified he purchased from appellant, was tested and found to be marijuana.

When appellant was arrested for possession of marijuana he told Officer Crawley, the arresting officer, that he had stopped selling marijuana since he realized the police would get him.

Appellant testified he was not in the Hubbub Tavern on May 28, 1963, had never seen Mr. Haley before, and did not know him. He testified he did not hand Ernest Jack Haley the package identified as State's Exhibit No. 2 on May 28, that he did not sell anything to Ernest Jack Haley that day or any other day. That he did not possess the package mentioned or the contents thereof. Appellant denied that he had a conversation about narcotics with Officer Crawley when arrested. He also said Officer Crawley was wrong in his testimony concerning appellant's conversation about selling narcotics.

In determining the sufficiency of the evidence, this Court considers only that evidence which is most favorable to the appellee, together with all reasonable and logical inferences that may be drawn therefrom. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Music* v. *State* (1959), 240 Ind. 54, 161 N. E. 2d 615.

There is a direct conflict shown in the evidence in the case at bar, the appellant's testimony is in direct opposition to the testimony of Mr. Haley and Officer Crawley. On that question this Court has many times held that this Court will not weigh conflicting evidence. *Bullard* v.

*State* (1964), 245 Ind. 190, 195 N. E. 2d 856; *Beard* v. *State* (1961), 242 Ind. 222, 177 N. E. 2d 589.

We have also held that the credibility of the witnesses and the weight of their testimony is a matter for the trier of facts to determine. *Coffer* v. *State* (1958), 239 Ind. 22, 154 N. E. 2d 371.

Points two (2) and three (3) of appellant's Assignment of Errors were not specifically set forth in his Motion for New Trial as required by Rule 2-6 of this Court. Therefore those issues are not properly before this Court on appeal.

The judgment below is affirmed.

Hunter, C. J., Lewis, Arterburn and Mote, JJ., concur.

NOTE.—Reported in 229 N. E. 2d 469.